TOWN OF POWNAL

v.

**George ANDERSON.**

Supreme Judicial Court of Maine.

Argued Sept. 9, 1987.
Decided Oct. 27, 1987.

John F. Shepard, Jr. (orally), Shepard & Shepard, Freeport, for plaintiff.

Before McKUSICK, C.J., and
NICHOLS, WATHEN, GLASSMAN,
SCOLNIK and CLIFFORD, JJ.

McKUSICK, Chief Justice.

In this suit brought by the Town of Pownal against George Anderson for violation of the Town's zoning and other ordinances, we conclude that the Superior Court (Cumberland County) erred in denying the Town's motion for the assessment of civil penalties against Anderson. We remand for the court to determine the amount of the penalties due the Town.

In September 1982 the Town of Pownal filed a complaint in the Superior Court seeking, *inter alia*, the imposition of civil penalties upon George Anderson for his violation of the Town's ordinances by living with his family in an enclosed cellar and by maintaining junked automobiles on his premises. On September 29, 1983, the Superior Court determined that Anderson was violating the Town ordinances and ordered him to take specified steps to cease those violations. Its order went on in paragraph 7 to provide:

> 7. In the event the Defendant fails to comply with this Order or any part hereof, the Defendant shall pay to the Town of Pownal, the costs of this action including legal fees, as well as the costs of any subsequent legal action which may arise from the non-compliance in an amount not greater than sanctions authorized by ordinances of the Town of Pownal; to wit, One Hundred Dollars ($100.00) per day per violation.

In the months and years subsequent to September 29, 1983, Anderson failed to comply with the Superior Court's order. On successive motions of the Town, the Superior Court entered two further enforcement orders. First, on December 5, 1984, the court ordered Anderson within two months to vacate the cellar and to cease living there until he obtained a valid

occupancy permit. Second, on October 10, 1985, the Superior Court directed the Cumberland County sheriff to prevent Anderson from living in the cellar. Neither of the later orders determined the amount of the civil penalties due under the above-quoted paragraph 7.

On July 3, 1986, the Town filed the motion for civil penalties that gives rise to the present appeal. On its face that motion cited only 30 M.R.S.A. § 4966 (Supp.1986) as the Town's authority for recovering civil penalties. That citation was erroneous because section 4966 (enacted by P.L.1983, ch. 796, § 14, to be effective July 25, 1984, to create a separate and alternative, streamlined court proceeding for the enforcement of land use laws and ordinances) had no applicability to the Town's pending enforcement action against Anderson.[1] Relying on the Town's single citation of authority in its motion, the Superior Court denied that motion on the ground that relief under section 4966 would have to be sought in a separate action; in other words, that it was too late for the Town to amend its pleadings in the pending action to seek additional relief under the new statute. We find no fault with that discretionary ruling and would affirm the Superior Court's denial of civil penalties if section 4966 were the only basis for the Town to recover penalties from Anderson. That is not the case.

Notwithstanding the reference solely to section 4966 on the face of the Town's July 3, 1986, motion for civil penalties, the brief that the Town filed simultaneously in support of that motion (as is required by M.R.Civ.P. 7(b)(3)) clearly stated that the Town also rested its claim to civil penalties upon paragraph 7 of the September 29, 1983, order. The Superior Court orders of 1984 and 1985 had been based factually on findings of Anderson's continuing noncompliance with the 1983 order, and in the hearing on the Town's latest motion held in October 1986, Anderson conceded that he was still not in compliance with the court's prior orders. Thus, on the face of the record before the motion justice, the Town was entitled as a matter of law to recover the civil penalties ordered in 1983 by the Superior Court. The Town, therefore, is entitled to have this case remanded for a court determination of the amount of the penalties now due the Town under the terms of paragraph 7 of the September 29, 1983, order. That determination is to be made without any application of the alternative enforcement procedures that might have been separately pursued under 30 M.R.S.A. § 4966.

To determine the amount of those civil penalties the court must ascertain the amount of the legal fees and other costs actually incurred by the Town in this suit from its commencement in 1982 and also in any subsequent legal action arising from Anderson's noncompliance with the Superior Court's order of September 29, 1983, subject to a maximum limit—if a limit it turns out to be—of $100 per day per violation. The court should assess the civil penalties forthwith in order to avoid further delay and cost in this already protracted litigation.

The entry is:

Judgment vacated. Remanded for further proceedings consistent with the opinion herein.

All concurring.

---

1. Although a municipality may bring an enforcement action under 30 M.R.S.A. § 4966 in the Superior Court as well as in the District Court, *see Baker v. Town of Woolwich*, 517 A.2d 64, 68 (Me.1986), that action is controlled by its own statutorily prescribed rules. *See also* M.R. Civ.P. 80K (special rules for section 4966 actions in the District Court). The provision in section 4966(3)(D) by which the prevailing party, whether the plaintiff governmental body or the defendant, may recover attorney fees and other costs applies *only* to enforcement actions brought under that section. We completely reject the Town's argument that the rules relating to fees and costs allowable in a section 4966 action are relevant to the Superior Court's determination in the present action of the civil penalties assessable against Anderson under paragraph 7 of the September 29, 1983, order. That order equates those civil penalties to the amount of legal fees and costs that the Town actually incurred, subject to the ceiling imposed upon civil penalties by the Town's ordinances.