## TOWN OF OGUNQUIT

v.

### Donald McGARVA.

Supreme Judicial Court of Maine.

Argued Jan. 2, 1990.
Decided Feb. 22, 1990.

E. Stephen Murray (orally), Jane B. Hartwell, Murray, Plumb & Murray, Portland, for plaintiff.

John R. Kugler (orally), Wells, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, HORNBY and COLLINS, JJ.

HORNBY, Justice.

This appeal concerns the appropriate penalties and attorney fee awards for land use violations that began in 1981. We conclude that penalties created by a state statute in 1984 do not displace local ordinance penalties for violations that had previously occurred, but that the state statute's provision of attorney fees to the prevailing party does apply. We therefore affirm the judgment of the Superior Court (York County, *Brennan, J.*).

Although his construction permit had been revoked, Donald McGarva proceeded to erect a motel in Ogunquit in November of 1981, and then opened the motel for business without an occupancy permit on June 23, 1982. After various skirmishes through administrative hearings and aborted Rule 80B appeals, on December 24, 1986, the Town of Ogunquit filed an enforcement action against McGarva in the

Superior Court. McGarva has appealed the Superior Court's judgment imposing on him a penalty of $100,000 for constructing and operating the motel without a permit and awarding the Town $23,840.02 in attorney fees. The Town has cross-appealed the Superior Court's failure to order that certain violations be removed and to impose fines in connection with violations that, the Town claims, are established by principles of res judicata arising out of McGarva's failure to appeal an earlier administrative decision.

In 1981, when McGarva began his violations, the Ogunquit Zoning Ordinance provided that anyone who violated it was "guilty of a misdemeanor," to be "fined not more than TWO HUNDRED DOLLARS ($200) for each day such violation is permitted to exist after notification thereof." Ogunquit, Me., Zoning Ordinance, ch. 1, § IV–C (April 5, 1976).[1] In 1984, however, the Maine Legislature enacted a land use statute setting maximum penalties at $2,500. *See* 30 M.R.S.A. § 4966 (Supp. 1986).[2] Maine has a rule of statutory construction to assist courts in deciding when a new penalty provision takes effect. Unless there is contrary evidence of legislative intent, *see City of Portland v. Fisherman's Wharf Assocs. II*, 541 A.2d 160, 164 (Me.1988), "the repeal or amendment of an Act or ordinance does not affect any punishment, penalty or forfeiture incurred before the repeal or amendment takes effect," 1 M.R.S.A. § 302 (1989). The Ogunquit $200 per day fine provision was clearly a "penalty . . . incurred" by McGarva when he began violating the ordinance in 1981.[3] *See State v. Hardy*, 489 A.2d 508, 512 (Me.1985). If, as McGarva argues, the state statute setting a maximum penalty preempts the local zoning ordinance, it is equivalent to a repeal of that ordinance. Since there is no suggestion of any contrary legislative intent,[4] we conclude, following section 302, that the repeal does not affect the penalty already "incurred" by McGarva for his previous activities.

Since the Ogunquit ordinance fine could be imposed on a daily basis, the maximum possible fine for McGarva exceeded $100,000 well before the enactment of the state statute. We find no abuse of discretion in the Superior Court's imposition of this fine for McGarva's decision to ignore a stop work order and to build and operate his motel in the face of a clear refusal by local authorities to grant him permits.

The Superior Court also correctly concluded that the Town was entitled to recover attorney fees under 30 M.R.S.A. § 4966 (Supp.1986). We have previously decided that attorney fee awards under the statute, which can go to either the Town or the landowner, are not a penalty but remedial. *See Baker v. Town of Woolwich*, 517 A.2d 64, 69 (Me.1987).[5] Since attorney fee awards are not fines, penalties or forfeitures, section 302 does not control their application and they are available in cases decided after the statute went into effect, regardless of when the violations occurred. *See id.* at 66, 69.

---

1. Contrary to McGarva's arguments, we find adequate evidence in the record for the Superior Court to identify the penalty provisions of the Ogunquit zoning ordinance effective in 1981 and thereafter.

2. The Legislature made minor revisions to subsection 3 of this statute and renumbered it as 30–A M.R.S.A. § 4506 in 1987. P.L.1987, ch. 318, § 2 (effective Sept. 29, 1987); P.L.1987, ch. 737, pt. A, §§ 1, 2 (effective March 1, 1989). The Legislature repealed 30–A M.R.S.A. § 4506 and enacted essentially the same language in 30–A M.R.S.A. § 4452. P.L.1989, ch. 104, §§ A, 46 and C, 10. None of these revisions apply to this case.

3. Although characterized as a misdemeanor by the ordinance, the fine is collected as a civil penalty under 17–A M.R.S.A. § 4–B(3) (Supp. 1989).

4. In some instances preemption could manifest a state legislative purpose to eliminate a local ordinance completely and prevent enforcement of the local law even as to previous violations.

5. In *Baker*, we also relied on this statute to support a fine for a violation that began before the statute's enactment and continued after the statute went into effect. 517 A.2d at 66, 68. Unlike this case, however, the fine in *Baker* could be supported solely by applying the statute to that portion of the "enduring" violation that continued after the statute's effective date.

The Town's various arguments on its cross-appeal are pertinent only if it fails in its contention that the Ogunquit ordinance penalty provisions apply. Since we have accepted the Town's position that the Ogunquit ordinance does apply, we need not address those arguments.

Finally, under section 4966, the Town is entitled to its attorney fees on this appeal. The Superior Court shall set those fees on remand.

The entry is:

Judgment affirmed; remanded for the assessment of attorney fees in connection with this appeal.

All concurring.