TOWN OF HOLDEN

v.

**John J. PINEAU.**

Supreme Judicial Court of Maine.

Argued March 5, 1990.
Decided April 20, 1990.

Wayne R. Foote (orally), Bangor, for plaintiff.

Philip K. Clarke (orally), Edward W. Gould, Gross, Minsky, Mogul & Singal, Bangor, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, CLIFFORD, HORNBY and COLLINS, JJ.

COLLINS, Justice.

This appeal concerns the proper construction of the penalty and attorney fee award sections of a former version of Maine's "enforcement of land use laws and ordinances" statute, 30 M.R.S.A. § 4966 (Supp. 1987)[1] and the proper interaction between section 4966 and a municipal zoning ordinance sought to be enforced by the Town of Holden against John J. Pineau, the violator of that ordinance, through a section 4966 action. We conclude that the District Court properly interpreted the penalty provisions of section 4966, and had authority to apply the penalties provided by that statute even though those penalties exceeded the maximum penalty authorized by the local ordinance. We further determine that the trial court had authority to award attorney fees under the state statute, even though the local ordinance did not authorize an attorney fee award. We therefore affirm the decision of the Superior Court (Penobscot County, *Smith, J.*) denying the appeal brought by Pineau from judgment entered against him by the District Court (Bangor, *Kravchuk J.*). Additionally, we conclude that the Town of Holden is entitled to attorney fees incurred defending the judgment of the District Court against the Pineau's appeal to both the Superior Court and to this Court.

I.

Appellant John J. Pineau is the president and sole stockholder of Sunspot Broadcasting Company, the licensee of two radio stations in Brewer, Maine. On October 12, 1987, Pineau and Sunspot began construction of a 261 foot commercial radio tower on Pineau's land in the Town of Holden, which Pineau leases to Sunspot. Pineau lacked a building permit required by the Holden Zoning Ordinance, art. VI, § 2 (1981) to build such a tower. On October 14, 1987, a code enforcement officer notified Pineau that he needed a building permit to erect the tower. The following day the Holden Town Manager ordered Pineau to stop construction. The Town Manager testified that she told Pineau that if construction continued, fines would be levied against him for violating the Town's zoning ordinance. She testified, "his [Pineau's] answer was that if fines were to be levied, fines were to be levied." Pineau did not stop construction as ordered. He completed the tower, without ever obtaining a permit, between October 21 and October 24, 1987.

Pineau then applied twice to the Town's Planning Board in order to obtain "a special exception and site plan approval." The usual prerequisites for obtaining a building permit include obtaining a special exemption and site plan approval. The Planning Board rejected each of Pineau's applications.

In an action collateral to the action presently before this Court, Sunspot appealed the Planning Board's decision rejecting its application to the Board of Appeals. The Board of Appeals determined that Pineau is not entitled to a building permit, and rejected Sunspot's appeal. Sunspot next appealed to Superior Court, pursuant to M.R. Civ.P. 80B. The Superior Court also rejected Sunspot's appeal. Sunspot has recently filed an appeal to this Court, challenging the Board of Appeal's decision. The existence of Sunspot's collateral appeal is important to the present appeal because, as described below, the District Court in the present case conditioned a portion of its

1. In 1987, the Legislature made minor revisions to subsection 3 of 30 M.R.S.A. § 4966 and renumbered it as 30-A M.R.S.A. § 4506. P.L. 1987, ch. 318, § 2 (effective Sept. 29, 1987); P.L.1987, ch. 737, pt. A, §§ 1, 2 (effective March 1, 1989). The Legislature repealed 30-A M.R.S.A. § 4506 and enacted essentially the same language in 30-A M.R.S.A. § 4452. P.L.1989, ch. 104, §§ A, 46 and C, 10.

judgment upon the outcome of Sunspot's collateral appeal.

Meanwhile, before Sunspot's appeal of the Planning Board's decision to the Board of Appeals, the Town of Holden filed in the District Court the Land Use Citation and Complaint, pursuant to M.R.Civ.P. 80K, giving rise to the present appeal before this Court. The Citation and Complaint charged Pineau with "[b]uilding a radio tower without a permit and refus[ing] to remove the radio tower after Planning Board's rejection of the application," in violation of municipal ordinance art. VI, §§ 2, 5 & 6. The Citation and Complaint sought both a preliminary and permanent injunction, demanded removal of the "violation," and demanded the assessment of a $2,500 civil penalty under 30 M.R.S.A. § 4966.

After a hearing and an on-site visit, the District Court concluded that Pineau had willfully violated both the ordinance prohibiting construction of the tower without a permit and the stop-work order of October 15, 1987, and ruled in favor of the Town. The court interpreted section 4966 as authorizing the court to levy penalties and awards as provided for in the statute, without regard to the limitations on penalties and absence of comparable awards in the local ordinance. Therefore, the court ordered Pineau to remove the tower, levied a $2,500 fine against Pineau, and awarded $3,331 in attorney fees to the Town of Holden. The District Court's order for removal of the tower was conditioned upon Pineau (Sunspot) not prevailing in the 80B collateral appeal to the Superior Court from the Board of Appeal's decision. As noted above, Sunspot's appeal to the Superior Court was unsuccessful but Sunspot has now appealed to the Law Court. The tower has not yet been removed.

Pineau appealed the instant District Court's judgment to the Superior Court. The Superior Court determined that the District Court's findings of fact were substantiated by the record, and that the District Court had applied the law without an abuse of its discretion. Therefore, the Superior Court affirmed the judgment.

## II.

We determine first that the District Court did not abuse its discretion by ordering removal of the tower in the event that Pineau is unsuccessful in his 80B collateral appeal challenging the Board of Appeal's determination that Pineau is not entitled to a building permit. We find no merit to Pineau's argument that the District Court misconstrued the meaning of the penalty provisions of section 4966(3) or misapplied these provisions to this case. Section 4966(3) provided the following:

3. Civil Penalties. The following provisions shall apply to violations of the laws and ordinances set forth in this section, and all monetary penalties shall be civil penalties.

A. The minimum penalty for starting construction or undertaking a land use activity without a required permit shall be $100, and the maximum penalty shall be $2,500.

B. The minimum penalty for a specific violation shall be $100, and the maximum penalty shall be $2,500.

C. The violator may be ordered to correct or abate the violations. Where the court finds that the violation was wilful, the violator shall be ordered to correct or abate the violation unless the abatement or correction will:

(1) Result in a threat or hazard to public health or safety;

(2) Result in substantial environmental damage; or

(3) Result in a substantial injustice.

The District Court found as a factual matter that Pineau was an experienced businessman, and that his decision to erect the radio tower without the required permit after he had been notified by the Town that such a permit was necessary and actually ordered to cease construction constituted a "willful violation" of the Town's ordinance. Noting that section 4966(3)(C) requires "correction" or "abatement" of a violation upon finding that the violation was perpetrated willfully, the District Court ordered removal of the radio tower provided that Pineau (Sunspot) does not succeed in his 80B appeal of the Board of Appeal's deter-

mination that he is not entitled to a building permit. Pineau's challenge to this conditional removal order has two parts.

Pineau argues first that the "correction" or "abatement" penalties provided for by subsection (3)(C) for violations of land use ordinances cannot be imposed by a court for an individual's act of "starting construction or undertaking a land use activity without a required permit" under subsection (3)(A). Rather, Pineau contends, the subsection (3)(C) penalties are only appropriate for "specific violations" of local zoning ordinances under subsection (3)(B). He argues that the words "violator" and "violation" in subsection (3)(C) refer to the "specific violations" provided for in subsection (3)(B). The absence of any use of the word "violator" or "violation" in subsection (3)(A), Pineau continues, indicates a legislative recognition that the act of constructing an otherwise code-conforming structure without obtaining the requisite building permit, thereby violating subsection (3)(A), is less egregious than the act of constructing a structure in such a fashion that it violates a substantive provision of a local zoning code in contravention of subsection (3)(B). Accordingly, under Pineau's argument, the potentially harsh equitable penalties of "correction and abatement" cannot be levied for merely constructing a code-conforming structure without the requisite permit. Pineau admits that he constructed his radio tower without the requisite permit, but argues that in all other respects the radio tower conforms with all of the requirements of the Holden zoning ordinance, and thus does not "specifically violate" any section of the Holden ordinance.

Pineau misconstrues the meaning of the penalty provisions in section 4966(3)(A), (B) & (C). Assuming without determining that Pineau's tower does not violate any of the substantive provisions of the local zoning ordinance, we nevertheless must conclude that the District Court's resort to the penalty provisions of subsection (3)(C) was proper. One who "undertakes a land use activity without a required permit" within the meaning of subsection (3)(A) has "violated" the land use ordinance requiring the permit within the meaning of subsection (3)(C), even if that structure otherwise conforms to all substantive requirements of the local zoning code. The absence of the word "violator" or "violation" in subsection (3)(A) does not remove a structure built without a required permit and in violation of (3)(A) from the scope of the equitable penalties of "correction" or "abatement." Further, whether or not the violation of a local land use ordinance is sufficiently egregious to warrant application of the penalties in subsection (3)(C) is not, as Pineau would have it, determined by whether the violation falls within subsection (3)(A) or subsection (3)(B). To the contrary, the discretion to determine whether the violation is sufficiently egregious to warrant resort to subsection (3)(C) is vested with the trial court unless and until the court determines that the violation is willful. If, however, the court determines that a violation under either subsection (3)(A) or subsection (3)(B) was willfully perpetrated, then the court has no alternative but to exercise the subsection (3)(C) remedies unless one of the three conditions set forth in subsections (3)(C)(1), (2) or (3) is present. The District Court in the present case made just such a factual determination, and accordingly we perceive no error in the District Court's resort to the penalties in subsection (3)(C).

In the second part of his two-step challenge to the conditional removal order, Pineau argues that subsection (3)(C) authorizes a court to exercise discretion with regard to how a willful violation should be remedied—either by "correction" or by "abatement" of the violation—but that the District Court mistakenly interpreted the statute to leave it no discretion to do other than order removal of the tower altogether. "By failing to exercise that discretion," Pineau concludes, "the Court committed an error of law requiring this Court to remand the matter to the District Court for consideration of alternative dispositions other than removal of the tower."

We find this portion of Pineau's argument unfounded as well. Pineau's allegation that the District Court improperly believed it had no discretion but to order

removal of the tower is mistaken. In its Findings and Judgment, the District Court stated the following:

> The Court further ORDERS that pursuant to 30 M.R.S.A. 4966(3)(C) the defendant must remove the radio tower and storage shed from the subject premises unless he prevails in his [collateral] appeal [from the Board of Appeal's decision, which was at the time of this order pending in Superior Court]. The Court finds that it does not have discretion in this regard because the Court finds that the defendant's conduct in building this structure without a permit was willful. In those cases the Court SHALL order the violation to be corrected or abated unless to do so would result in a threat or hazard to public health or safety, result in substantial environmental damage, or result in substantial injustice.

Clearly, the District Court's statement that it "does not have discretion in this regard" concerns the statute's mandate that where a violation is willful, the court shall act affirmatively by ordering either correction or abatement of the violation. Here, the court specifically found as a factual matter that Pineau's violation was willful. Pineau has not demonstrated that once the court acknowledged that it must act the court failed to recognize that some form of "correction" or "abatement" other than removal of the tower was available as an alternative to the court. Moreover, Pineau has failed to show that the District Court's conditional order to remove the tower constitutes an abuse of the discretion that the court possessed under the statute to chose between "correction" and "abatement."

We point out again the conditional nature of the District Court's removal order. Neither party requested specific findings with respect to the existence of any of the three conditions in subsections (3)(C)(1), (2) or (3), each of which permits a court to refrain from ordering a correction or abatement of a violation. Nevertheless, it seems apparent from the conditional nature of the District Court's order that the court determined, as a factual matter, that in this particular set of circumstances an order correcting or abating Pineau's violation by inflexibly mandating removal of the tower might result in substantial injustice if it is later determined on appeal that Pineau was entitled to the building permit he sought. We find no error in this implicit factual conclusion.

In sum, we conclude that under section 4966(3)(A) & (C) the District Court's conditional order to remove the tower, where that order was imposed for an experienced businessman's willful violation of a known Town ordinance, was proper.

### III.

██ The Town of Holden prayed the District Court to impose a $2,500 civil penalty against Pineau, citing 30 M.R.S.A. § 4966 as authority for the fine. Subsection 4966(3)(A) provided, "[t]he minimum penalty for starting construction or undertaking a land use activity without a required permit shall be $100, and the maximum penalty shall be $2,500." The District Court levied the full $2,500 penalty, stating, "the maximum penalty is warranted because of the gross negligence of Mr. Pineau, an experienced businessman, in undertaking this construction without a permit, and the deliberate decision of Mr. Pineau to complete the construction even after having been put on actual notice of the need for a permit."

On appeal, Pineau argues that the District Court lacked authority to impose the $2,500 civil penalty against him under section 4966 because this amount exceeds the maximum penalty amount which, by Pineau's own calculation, the court could have levied under the Town's municipal ordinance. Pineau argues that in land use enforcement actions the ceiling on a civil penalty designated by a town's own land use ordinance must govern the action rather than the amount of civil penalty authorized by State statute. Characterizing the present action as a "section 4966 prosecution," the Town responds that the penalty provisions of section 4966 preempt any penalties previously enacted by municipal ordinance. Pineau counters the Town's posi-

tion with the argument that no preemption is warranted because the sole purpose of the section 4966 action is to enforce the provisions of the local ordinance.[2]

Section 4966 was a validly enacted, operative state statute at the time that Pineau violated the local zoning ordinance, and we conclude that the District Court's reliance on such a vital statute was proper. The local zoning ordinance's maximum penalty provision has no power to strip a duly enacted statute of its authority. We find no error in the District Court's decision to levy the $2,500 penalty against Pineau.

### IV.

■ Pineau next challenges the District Court's award of attorney fees to the Town pursuant to 30 M.R.S.A. § 4966(3)(D). Subsection (3)(D) provides, "[i]f the municipality is the prevailing party, it shall be awarded reasonable attorney fees, expert witness fees and costs, unless the court finds that special circumstances make the award of these fees and costs unjust." Pineau argues that the award was improper because subsection 3(D) is not self-enforcing and the Town of Holden has not enacted an ordinance authorizing a responsible town official to collect attorney fees.

We conclude that the District Court's award of attorney fees was proper. As we noted above, this action was properly brought under section 4966, and the provisions of that statute govern this action, including the provision authorizing attorney fee awards. *See Town of Ogunquit v. McGarva*, 570 A.2d 320, 322 (Me.1990) (in a section 4966 action, award of attorney fees authorized by section is valid even though

violation occurred three years before section 4966 was enacted). The absence of either a comparable provision authorizing attorney fees in the local ordinance sought to be enforced or a local provision authorizing a municipal officer to collect such a fee award shall not render the award authorized by the state statute ineffective.

Furthermore, the legislative history of section 4966 clearly demonstrates that one primary purpose of section 4966 was to provide an efficient mechanism through which towns could enforce municipal land use ordinances. The uniformity with which the section's provisions apply to the enforcement proceedings for all different kinds of land use ordinances is an important device through which the section was intended to promote efficiency. Each town can be certain that the judicial procedure for remedying a land use violation under section 4966—including the availability of attorney fees—will remain constant regardless of the particulars of the ordinance actually violated. The availability of attorney fee awards encourages municipalities to bring suit against violators under the statute where previously, as documented in the legislative history of section 4966, towns had been reluctant to do so.

### V.

■ The Town of Holden has moved this Court for an award of additional attorney fees for costs of litigation that the Town incurred defending the District Court's decision against Pineau's appeal to the Superior Court and against Pineau's appeal to this Court. Pineau opposes this motion on

---

2. Both parties cite *Town of Pownal v. Anderson*, 532 A.2d 1011, 1012 n. 1 (Me.1987) as authority for their arguments. *Anderson* does not control. In *Anderson*, the Town of Pownal brought a successful action against an individual for violating Town ordinances. The initial action, however, was brought exclusively under the enforcement provisions of a local ordinance. When the Town in *Anderson*, three years after the initial order, filed a motion to recover additional civil penalties for violations that continued after entry of the initial court order, but cited section 4966 as the exclusive authority for this recovery, the Superior Court denied this motion. Recognizing that the original order

was entered solely on the basis of the municipal ordinance's enforcement provisions, the Superior Court stated that recovery under section 4966 would have to be sought in a separate action. "[I]n other words, [the Superior Court held] that it was too late for the Town to amend its pleadings in the pending action to seek additional relief under [section 4966]." *Id.* 532 A.2d at 1012. We upheld the Superior Court's decision denying recovery as a proper exercise of the court's discretion. Accordingly, any potential conflict between section 4966 and the provisions of a local ordinance was not reached in the *Anderson* case because section 4966 was never properly made part of the action.

the ground that the Town failed to move the Superior Court for attorney fees incurred during the appeal to the Superior Court.[3] We cannot agree with Pineau's argument, and we grant the Town's motion.

It is entirely consistent with the purposes of section 4966(3)(D) for the award of attorney fees to include the expenses necessary for the Town's defense of the District Court judgment on appeal before both the Superior Court and the Law Court. *Cf. Colony Cadillac & Oldsmobile, Inc. v. Yerdon,* 558 A.2d 364, 368–69 (Me.1989) (it is in keeping with the remedial purposes of the consumer protection laws for a fee award under the Used Car Information Act, 10 M.R.S.A. §§ 1471–78 (1980 & Supp. 1988), to include the expenses necessary to defend a favorable judgment of District Court on appeal before both Superior Court and Law Court). The Town of Holden's failure to move the Superior Court for the fees that the Town incurred defending the District Court's judgment before the Superior Court does not bar the Town from recovering the fees it expended between the time that the District Court entered its judgment and the time that the Superior Court entered its judgment. Once a valid attorney fees award has been entered by an initial trial court, in this case the Dis-

trict Court, in concurrence with that trial court's judgment on the merits for the prevailing party, subsequent attorney costs incurred by the prevailing party defending that judgment are incidental to the original fee award. The Superior Court's affirmation of the District Court's judgment in the present case, including the District Court's award of attorney fees, essentially preserved all aspects of the attorney fees award, including all appellate attorney fees, for consideration by this Court in conjunction with the present appeal.

The entry is: Judgment affirmed. Remanded to Superior Court with instruction to remand to District Court with instruction to amend the amount of attorney fees awarded to appellee Town of Holden to include litigation costs incurred by appellee Town of Holden defending the District Court's judgment before the Superior Court and the Law Court.

All concurring.

---

**3.** At oral argument, Pineau abandoned his argument, presented in his appellate brief, that the Law Court's jurisdiction, as delineated by 4 M.R. S.A. § 57, does not permit this Court to make an original determination on an award of attorney fees. We do not consider this argument further.