**CITY OF ROCKLAND**

v.

**Conrad WINCHENBAUGH, Sr.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 14, 1990.

Decided Dec. 14, 1990.

Terry Calderwood, Eaton, Peabody, Bradford & Veague, Camden, for plaintiff.

Conrad H. Winchenbaugh, Sr., Rockland, pro se.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

PER CURIAM.

■ Conrad Winchenbaugh, Sr. appeals from a judgment in the Superior Court (Knox County, *Browne, A.R.J.*) affirming the decisions in the District Court (Rockland, *Pease, J.*) in six land use violation enforcement cases brought by the City of Rockland pursuant to M.R.Civ.P. 80K and 30 M.R.S.A. § 4966.[1] Contrary to his assertions, the evidence was sufficient to support the District Court's findings. The court did not err in entertaining the enforcement cases; even assuming that Winchenbaugh's pending appeal before the Zoning Board of Appeals was still viable, the court's decision that the subject matter of the appeal was not the same as that of the enforcement actions before the court was not clearly erroneous. The court did not abuse its discretion in excluding evidence of violations by others in the vicinity for irrelevancy. Finally, the record is devoid of support for Winchenbaugh's contention that the court should have considered the issue of municipal fault.

■ Pursuant to 30 M.R.S.A. § 4966, the City is entitled to an award of attorney fees that includes its costs of defending the court's decision on appeal. *Town of Holden v. Pineau*, 573 A.2d 1310, 1315–16 (Me.1990); *Baker v. Town of Woolwich*, 517 A.2d 64, 69 (Me.1987).

The entry is:

Judgment affirmed.

Remanded to the Superior Court with instructions to remand to the District Court

1. The City originally filed seven enforcement actions. The District Court concluded that two of the actions were identical in substance and therefore took no action on one. Winchen-baugh appealed the judgments in the remaining six actions to the Superior Court, which consolidated them for purposes of the appeal.

with instructions to amend award of attorney fees to the City to include litigation costs incurred defending the District Court's judgment on appeal to the Superior Court and the Law Court.

All concurring.