**CITY OF ELLSWORTH**

v.

**Bruce McALPINE.**

Supreme Judicial Court of Maine.

Submitted on Briefs May 2, 1991.

Decided May 15, 1991.

Wayne R. Foote, Bangor, for plaintiff.

Bruce McAlpine, pro se.

Before McKUSICK, C.J., and
ROBERTS, WATHEN, GLASSMAN,
CLIFFORD and COLLINS, JJ.

ROBERTS, Justice.

Without opposition from the defendant, we are asked to determine whether 30–A M.R.S.A. § 4452 (Pamph.1990) authorized the District Court (Ellsworth, *Staples, J.*) to award reasonable attorney fees incurred in a disclosure proceeding initiated by the City of Ellsworth for collection of a civil penalty imposed for maintaining an illegal automobile junkyard in violation of an Ellsworth ordinance. Because we conclude that statutory authority was present, we vacate and remand for consideration of the award of attorney fees.

In July, 1989 the court entered a judgment against McAlpine for violation of an ordinance requiring a permit to keep junk cars, assessed a civil penalty of $300, and awarded attorney fees and costs of $178.75 to the city. In December the city filed a disclosure subpoena and an execution in the amount of $478.75. After a disclosure hearing, the court ordered McAlpine to turn over for sale a 1988 Ford pickup truck. McAlpine then paid the judgment. The city moved for additional attorney fees incurred in the disclosure proceeding. The city supported the motion with an affidavit of its retained attorney showing $615.00 in collection fees. In January, 1990 the court entered a memorandum decision denying the city's motion for additional attorney fees for lack of statutory authority. The city appealed the denial to the Superior Court. The city argued without opposition at a hearing in October, 1990. The Superior Court (Hancock County, *Smith, J.*) affirmed without written opinion.

We have previously stated that the purpose of section 4452 is to encourage municipalities to enforce their land use ordinances. *Town of Holden v. Pineau,* 573 A.2d 1310, 1315 (Me.1990) (applying the section's predecessor codified at 30 M.R.S.A. § 4966 (Supp.1987)). In *Pineau* we held that "[i]t is entirely consistent with the purposes of [the statute] for the award of attorney fees to include the expenses necessary for the ... defense of the District Court judgment on appeal...." 573 A.2d at 1316 (citing *Colony Cadillac & Oldsmobile, Inc. v. Yerdon,* 558 A.2d 364 (Me.1989)). We now conclude that the award of attorney fees incurred in enforcement of a District Court judgment, including disclosure proceedings, is authorized by section 4452. First, the penalty provisions of section 4452(3) "apply to *violations* of the laws and ordinances" (emphasis added) and are not limited to the initial prosecution. Second, the statutory civil penalties and abatement orders will not deter violations unless they are enforced. As we stated in *Pineau,* "[o]nce a valid attorney fees award has been entered by an initial trial court ... subsequent attorney costs incurred by the prevailing party defending that judgment are incidental to the original fee award." *Pineau,* 573 A.2d at 1316. The same logic applies to attorney fees incurred in enforcing a valid judgment.

Because we recognize that non-attorney municipal officials may be authorized to prosecute violations, we caution that section 4452(3)(D) requires only an award of fees *reasonably* incurred. Moreover, the court must consider in each instance whether "special circumstances make the award of these fees and costs unjust." 30–A M.R.S.A. § 4452(3)(D). In this instance, the District Court erroneously determined that the statute did not authorize any additional fees or costs. Accordingly, we remand the case for the court to consider the extent to which fees were reasonably incurred in collecting the penalty and whether any special circumstances make an award unjust. Because McAlpine did not oppose the city's appeal before the Superior Court or before us, we determine that these circumstances make an award of fees for the appeals unjust.

The entry is:

Judgment vacated.

Remanded to the Superior Court for entry of an order vacating the denial of fees and remanding for consideration of the fee request in accordance with the opinion herein.

All concurring.