Richard L. DYER

v.

**TOWN OF CUMBERLAND and Jeffrey Hahn.**

No. 6669.

Supreme Judicial Court of Maine.

Argued Sept. 10, 1993.
Decided Oct. 21, 1993.

David J. Corson, (orally), Yarmouth, for plaintiff.

Julia A. Sheridan, Norman Hanson & Detroy, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

WATHEN, Chief Justice.

Defendant Jeffrey Hahn, the holder of a building permit, appeals from a judgment entered in the Superior Court (Cumberland County, *Lipez, J.*) vacating a decision of the Town of Cumberland Board of Adjustment and Appeals. Defendant contends the Superior Court erred when it held that the Cumberland Zoning Ordinance ("the Ordinance") bars road construction within 75 feet of the normal high water mark of coastal waters. Finding no error, we affirm the judgment.

Hahn owns a parcel of land on Great Chebeague Island. His deed includes a right-of-way for foot and vehicular traffic across property owned by plaintiff Richard Dyer. The deed describes the way as running in a north-easterly direction from the termination of an old county road to Hahn's property, but its exact location is unknown. It does, however, fall within 75 feet of the normal high water mark, a Resource Protection District ("RP District") under the Ordinance.[1]

Section 204.5.4.2 of the Ordinance provides that "[road construction is] permitted in the RP District, subject to the approval of the Planning Board, in accordance with the stan-

---

1. Section 204.5.1 of the Ordinance defines an RP District as including areas within 75 feet of normal high water, inland or coastal wetlands, flood plains, and areas having sustained slopes or unstable soils.

dards of Sec. 400." Hahn applied for a permit and submitted an architectural plan showing that he would drill into ledge, install silt fences and guiderails, and extend the old county road to his property. The Planning Board granted Hahn a permit subject to conditions under section 400 on clearing, erosion and sedimentation control, and road construction. The Board, however, did not address section 423 that states, in part, "[a]ll structures and other physical improvements in the areas subject to these standards shall be set back at least 75 feet from the normal high water mark. . . ."

Richard Dyer, the owner of the servient estate, contended that section 423 prohibited the road construction, and appealed to the Board of Adjustment and Appeals. That Board denied his appeal. Dyer filed a separate complaint against Hahn in the Superior Court seeking a declaration of the parties' rights under the easement and obtained an injunction barring Hahn from commencing road construction. He then appealed the present zoning case to the Superior Court pursuant to M.R.Civ.P. 80B. The Superior Court found that the Appeals Board and the Planning Board had erroneously failed to consider whether section 423 barred road construction within 75 feet of normal high water. Based on the plain language of the Ordinance, the Superior Court vacated the order granting the permit and remanded for denial. Hahn now appeals from the judgment of the Superior Court.

As a preliminary matter, Dyer argues that, under section 603.6 of the Ordinance, Hahn's right to construct a road expired on September 20, 1992, one year after the Appeals Board affirmed his permit. He contends that because Hahn's permit expired, his appeal is moot. Hahn counters that he failed to build within one year because Dyer obtained an injunction that prevented him from commencing road construction. Also, he notes that the permit in this case was granted by the Planning Board, not the Appeals Board, and the Ordinance is silent as to when Planning Board permits expire.

■ The doctrine of mootness is designed to prevent this Court from deciding issues that, by virtue of valid and recognizable supervening circumstances, have lost their controversial vitality. *State v. Irish,* 551 A.2d 860, 861 (Me.1989). The test is whether there remain sufficient practical effects flowing from the resolution of the litigation to justify the application of limited judicial resources. *Id.* at 861–862.

■ We have twice ruled that litigation does not toll the expiration date specified in an ordinance for building permits. A party must seek a stay or an extension of his permit from the town to protect his interests. *Cobbossee Dev. Group v. Town of Winthrop,* 585 A.2d 190, 194 (Me.1991); *Laverty v. Town of Brunswick,* 595 A.2d 444, 447 (Me. 1991). Here, however, the Ordinance does not state when Hahn's permit expires. Section 603.6 provides that "[r]ights granted by the Board of Adjustment and Appeals shall expire if the work or change authorized is not begun within six months or substantially completed within one year of the date of vote by the Board." In the present case, the Appeals Board did not issue a permit; it merely affirmed a Planning Board decision.[2] The Ordinance does not expressly limit the duration of a Planning Board permit. If we were to assume an implicit requirement that construction be completed within a reasonable time, the existence of the injunction would excuse Hahn's failure to commence construction. Thus the appeal is not moot.

■ Hahn asks us to review the Superior Court's conclusion that the ordinance bars road construction within 75 feet of normal high water. When the Superior Court acts as an intermediate appellate court and bases its decision entirely on the record developed by an administrative agency, we review the record to determine whether the agency abused its discretion, committed an error of law or made findings not supported by substantial evidence. *Pine Tree Telephone and Telegraph v. Town of Gray,* 631 A.2d 55, 56 (Me.1993).

**2.** There are rights under the Ordinance that can only be granted by the Board of Adjustment and Appeals. For example, section 204.6.2 authorizes the Board to grant special exceptions for a number of different uses.

In the present case, the Planning Board erred as a matter of law in granting the permit. The interpretation of an ordinance is a question of law that is guided by the language, objectives, and general structure of the ordinance. *See Pitcher v. Town of Wayne,* 599 A.2d 1155, 1156 (Me.1991). The controversy here centers on whether the prohibition against "physical improvements" within 75 feet of the normal high water mark, as set forth in section 423, bars road construction in that RP District, even though section 204.5 allows road construction generally in RP Districts. The Ordinance does not define the term "physical improvement" but section 104 states that "[t]erms not defined shall have the customary dictionary meaning." The dictionary defines improvement as "a change or addition to land, property, etc. to make it more valuable." Webster's New World Dictionary 731 (Encyclopedic ed. 1952). The Superior Court correctly ruled that the proposed road is an improvement and falls within the prohibition of section 423. Such an interpretation is not in conflict with section 204.5 because the RP District includes areas other than those within 75 feet of normal high water, and, in those cases, the Ordinance permits road construction.

The entry is:

Judgment of the Superior Court affirmed.

All concurring.