### CITY OF ROCKLAND

v.

### Conrad WINCHENBAUGH.

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 7, 1995.
Decided Nov. 28, 1995.

Carol Maines, City of Rockland, Legal Department, Rockland, for plaintiff.

Conrad Winchenbaugh, Sr., Rockland, pro se.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

LIPEZ, Justice.

Conrad Winchenbaugh appeals from the judgments entered in the Superior Court (Knox County, *Mills, J.*) affirming the judgments of the District Court (Rockland, *Field, J. and Wescott, J.*) ordering Winchenbaugh to pay attorney fees in the amount of $6,918.66 to the City of Rockland and denying his motion for a jury trial on the issue of his alleged contempt of an order of the District Court dated February 2, 1989. We affirm the judgments.[1]

In 1985, Winchenbaugh obtained a building permit from the City of Rockland for the purpose of constructing a residence using portions of a mobile trailer home. After several years of complaints by neighbors and an inspection by the City's code enforcement officer, the City brought a land use complaint against Winchenbaugh alleging, among other things, violation of a municipal zoning ordinance. On February 2, 1989, the District Court (Rockland, *Pease, J.*) issued an injunction ordering Winchenbaugh to comply with the zoning ordinance, pay a fine, and pay attorney fees to the City in the amount of $2,611.25. Winchenbaugh appealed from that judgment.

On appeal, we affirmed the judgment and remanded the case for redetermination of the amount of attorney fees, with instructions to

---

1. We reject the City's contention that Winchenbaugh has failed to meet his burden of providing a sufficient record on appeal. An appellant is obligated to supply only those portions of a transcript which she believes are necessary or relevant to her argument. *See* M.R.Civ.P. 74(b)(1) and (2). An appeal will only fail where inade-quacies in the record make effective judicial review impossible. *See, e.g., Grondin v. Coyne,* 395 A.2d 459 (Me.1978); *Berry v. Berry,* 388 A.2d 108 (Me.1978); *Maiorino v. Morris,* 367 A.2d 1038 (Me.1977). In this case, there is an adequate record for review of the two decisions being challenged.

amend the award to take account of the costs incurred by the City on appeal. *City of Rockland v. Winchenbaugh,* 583 A.2d 702 (Me.1990). On remand, the District Court increased the award of attorney fees to $6,918.66. The Superior Court affirmed that judgment. Winchenbaugh appeals from the amended award of attorney fees.

While the appeal of attorney fees was ongoing, the City filed a motion for contempt alleging that Winchenbaugh had failed to comply with the terms of the District Court's February 2, 1989, injunction. Winchenbaugh filed a motion requesting that the contempt proceeding be removed to the Superior Court and tried to a jury. The District Court (Rockland, *Wescott, J.*) denied both of Winchenbaugh's requests and found him in contempt. The Superior Court affirmed that judgment.[2] Winchenbaugh challenges that part of the judgment denying him a jury trial.

### Attorney Fees

■ Winchenbaugh continues to argue that the City's use of a non-city lawyer to prosecute the land use case against him violated the City's own charter.[3] We decided this issue in the earlier appeal of this case, when we concluded that, "... the record is devoid of support for Winchenbaugh's contention that the court should have considered the issue of municipal fault." *Winchenbaugh,* 583 A.2d at 702. That earlier decision is the law of the case. *Blance v. Alley,* 404 A.2d 587, 589 (Me.1979).

### Civil Contempt and the Right to a Jury Trial

■ Winchenbaugh argues for a jury trial on the basis of Article I, section 20 of the Maine Constitution, that provides in relevant part:

> In all civil suits, and in all controversies concerning property, the parties shall have the right to a trial by jury, ...

Noting that the contempt proceeding against him arises out of a controversy concerning property, Winchenbaugh contends that he is entitled to a jury trial on the issue of his contempt. That contention misperceives the nature of civil contempt.

■ Civil contempt is used to secure obedience to court orders. *Wells v. State,* 474 A.2d 846, 850 (Me.1984). It is a coercive tool, available to parties who seek to enforce a previously obtained judgment. *Id.* That enforcement purpose controls the constitutional jury trial analysis even if the underlying controversy requiring a resort to the contempt procedure involves property. The controversy at the core of the contempt proceeding is compliance with a court order. Moreover, the Maine Constitution provides no right to a jury trial in equitable proceedings. Civil contempt is an "equitable civil procedural device." R. Goldfarb, THE CONTEMPT POWER 50 (1963).

The entry is:

Judgments affirmed. Remanded to the Superior Court with instructions to remand to the District Court to amend the award of attorney fees to include attorney fees incurred by the City of Rockland for responding to the appeals to the Superior Court and to this Court.

All concurring.

---

2. Before the Superior Court entered a final judgment affirming the District Court's judgment of contempt, but after it denied Winchenbaugh's motion for a jury trial on the issue of his contempt, Winchenbaugh attempted to appeal to this Court from the Superior Court's interlocutory order. At that time, because of the lack of a final judgment, we dismissed his appeal as premature. *City of Rockland v. Winchenbaugh* (Me. July 11, 1994) (mem.).

3. Specifically, Winchenbaugh alleges that the City of Rockland's use of a non-city lawyer to prosecute the case against him violated section 406 of Rockland's City Charter. That section provides in relevant part:
   "There shall be a legal officer of the City to be called the City Attorney, elected by the council who shall serve as chief legal advisor to ... all City departments, boards, agencies, and commissions. The legal officer shall represent the City in all legal proceedings ..."