1998 ME 10

### Christopher TRYBA d/b/a Hobo Jungle Coffee House

v.

### TOWN OF OLD ORCHARD BEACH.

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 16, 1997.

Decided Jan. 14, 1998.

**404**

Neal L. Weinstein, Old Orchard Beach, for Plaintiff.

Christopher L. Vaniotis, Bernstein, Shur, Sawyer & Nelson, Portland, for Defendant.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

WATHEN, Chief Justice.

[¶ 1] Plaintiff Christopher Tryba, d/b/a Hobo Jungle Coffee House, appeals from judgments entered in the Superior Court (York County, *Fritzsche, J.*) affirming a decision of the Town Council of Old Orchard Beach and imposing civil penalties. The court upheld the Town's revocation of plaintiff's business licenses and penalties on the Town's counterclaim for unlicensed business operation. Plaintiff contends that: the Town misconstrued its license ordinance; there was insufficient evidence of any violation; and the court erred in awarding civil penalties. Finding no error, we affirm the judgments.

[¶ 2] The relevant facts may be summarized as follows: Plaintiff, the owner of Hobo Jungle Coffee House, was served on August 21, 1995, with a written notice of a town council hearing to be held the following day. The notice recited the Town's intention to hold a hearing on the revocation of plaintiff's victualer's license, and permits for coin amusement devices, entertainment-dancing, and special amusement. After a public hearing, in which plaintiff and his attorney participated, the Town revoked his business licenses. Plaintiff continued to operate the coffee house after being notified that his licenses had been revoked. Plaintiff sought review in the Superior Court, pursuant to M.R. Civ. P. 80B, and the court affirmed the Town's decision revoking plaintiff's licenses. After a separate hearing on the Town's counterclaim seeking civil penalties for unlicensed operation of the businesses, the court imposed penalties in the amount of $50 per day for a total of $13,000. Plaintiff now appeals.

[¶ 3] Plaintiff first argues that he was not afforded adequate notice. He relies on the fact that notice was given only one day before the hearing and did not state a reason for the proposed revocation. Plaintiff's counsel referred to problems with the "time of notice" in addressing the Town Council at the conclusion of the hearing, and just prior to their vote. This objection, if it was an objection, came too late. By attending the hearing with his counsel, and participating without a timely objection, plaintiff waived any objection he might have had with respect to the adequacy of notice. *Kovack v. City of Waterville*, 157 Me. 411, 423, 173 A.2d 554, 560 (1961).

[¶ 4] Plaintiff next argues that the Town incorrectly referred to the criteria for license renewal as the basis for finding a violation and revoking his license. "The interpretation of an ordinance is a question of law that is guided by the language, objectives, and general structure of the ordinance." *Beckley v. Town of Windham*, 683 A.2d 774, 775 (Me.1996) (quoting *Dyer v. Town of Cumberland*, 632 A.2d 145, 148 (Me. 1993)). Section 4.A.4 of the Old Orchard Beach license ordinance provides that an applicant for relicensing must submit:

[E]vidence of satisfactory resolution of any public health, safety or welfare problems occurring in the operation of that or a similar business at the same location in the immediately preceding year, including but not limited to neighborhood complaints, disorderly customers, and excessively loud or unnecessary noise that initiate complaints to or require a response from the Municipal Police, Fire Department or other Municipal regulatory body or employee.

Section 5.C. provides for revocation as follows:

The Town Council, upon notice and after hearing, for cause may suspend or revoke any license issued pursuant to this Ordinance. *Cause shall mean* the violation of any license condition, any provision of this Ordinance, *any condition constituting a threat to the public health or safety,* or the revocation or suspension of any State or local license that is a condition precedent to the issuance of a license pursuant to this Ordinance. (emphasis added)

[¶ 5] The Town did not err in relying on section 4.A.4 to revoke the business licenses of plaintiff pursuant to section 5.C of the ordinance. These provisions are part of a single licensing ordinance. We construe the "whole statutory scheme of which the section at issue forms a part so that a harmonious result, presumably the intent of the Legislature, may be achieved." *Nasberg v. City of Augusta*, 662 A.2d 227, 229 (Me.1995). This same rule applies to the construction of an ordinance.

[¶ 6] Section 4.A.4 of the ordinance puts a licensee on notice that a condition of its license is resolving problems involving "neighborhood complaints, disorderly customers, and excessively loud or unnecessary noise that initiate complaints to or require a response from the Municipal police, Fire Department, or other Municipal regulatory body or employee." The Town does not have to wait until a business requests a license renewal to hold a business accountable for addressing these problems. The trial court correctly concluded that "the Town has the inherent ability to revoke a license if the conditions required for obtaining a license are no longer met."

[¶ 7] Section 4.A.4 refers to "disorderly customers" whose conduct results in complaints to municipal officials. Of the twelve police reports contained in the record, seven relate to the conduct of the Hobo Jungle or the conduct of customers inside the premises of the business, four relate to the conduct of customers off of the premises, and one relates to the conduct of individuals off of the premises who are not identified as customers of the Hobo Jungle. In one instance a group of ten juveniles left the Hobo Jungle, threw bottles from the porch of a nearby apartment building, and then returned to the Hobo Jungle.

[¶ 8] The disorderly conduct of the customers of the Hobo Jungle that occurred off of the premises did not occur at some remote time or location. Instead, it occurred in the immediate vicinity of the business soon after the customers had left the premises. These customers were "disorderly customers" of the Hobo Jungle within the meaning of section 4.A.4 of the ordinance. Their conduct resulted in numerous complaints to municipal officials. The Hobo Jungle bore some responsibility for the impact of these customers on the neighborhood. *See Sunset Amusement Co. v. Board of Police Comm'rs,* 7 Cal.3d 64, 101 Cal.Rptr. 768, 781, 496 P.2d 840, 853 (1972). Pursuant to the Town's licensing ordinance, the Town properly considered the conduct of these disorderly customers of the Hobo Jungle in the decision to revoke its business licenses.

[¶ 9] Finally, we conclude that the Superior Court properly rejected plaintiff's contention that the penalty provision of the

Ordinance is confined to those who have never been licensed. Further, we find no abuse of discretion in fixing the penalty at one-half of the amount authorized by the Ordinance.[1] *Town of Ogunquit v. McGarva,* 570 A.2d 320, 321 (Me.1990).

The entry is:

Judgments affirmed.

DANA, Justice, dissenting.

[¶ 10] I respectfully dissent. On 24 hours notice the Town held a hearing to consider revoking the business licenses held by the Hobo Jungle Coffee House. Section 5.C. of the Town's ordinance sets forth the manner in which the Town may effect such a revocation. That section states that the Town may revoke a license for cause, being a threat to the public health or safety. Because, I suggest, the Town could not establish that the Hobo Jungle Coffee House presented a threat to the public health or safety, the Town chose to rely upon Section 4.A.(4) of the ordinance. Section 4.A.(4) speaks to renewal, not revocation, and permits a renewal only if the holder presents evidence of the satisfactory resolution of all public health, safety or welfare problems. Under this latter section, the Town no longer bears the burden to show that the licensed business *presents* a threat to the public health and safety. Rather, the burden shifts to the license holder to show that he has satisfactorily resolved *every* public health, safety or welfare problem his business has recently experienced. Tryba arrived at the hearing without knowing that the burden would be on him to show that he had satisfactorily responded to all of his neighbors' complaints.

[¶ 11] Although the Maine Administrative Procedures Act, 5 M.R.S.A. §§ 8001–11008 (1989 & Pamph.1997), does not speak directly to municipal administrative procedures, it is *instructive as to what constitutes adequate notice.* In relevant part, 5 M.R.S.A. § 9052(4) (1989) provides:

4. **Notice.** Notice shall consist of:

A. A statement of the legal authority and jurisdiction under which the proceeding is being conducted;

B. A reference to the particular substantive statutory and rule provisions involved;

C. A short and plain statement of the nature and purpose of the proceeding and of the matters asserted. . . .

We have stated, in relation to municipal proceedings, that notice should state the nature of the action and inform the recipient of the opportunity to object. *Town of Freeport v. Greenlaw,* 602 A.2d 1156, 1160 (Me.1992); *see* RESTATEMENT (SECOND) OF JUDGMENTS: NOTICE § 2 cmt. b (1982). The notice Tryba received stated that action would be held on the revocation of his license. It did not inform him of the burden he would bear, pursuant to Section 4.A.(4), but rather implied that the burden would lie with the Town, pursuant to Section 5.C. Such notice falls woefully short of APA standards and the standard applied to municipal proceedings. It was inadequate to inform Tryba of the nature of the action and the rules under which the action would proceed. Given the inadequacy of that notice, Tryba arrived wholly unprepared to participate meaningfully in the proceeding. For that reason I would vacate the decision of the Superior Court.

---

1. Section 5.A. of the Old Orchard Beach License Ordinance provides in part:

A. Any person who operates or conducts any business or activity for which a license is required under this Ordinance without first obtaining such license commits a civil violation and shall be subject to a fine not to exceed One Hundred ($100) Dollars. Each day such violation continues shall be considered a separate violation.