Ronald L. **ROBINSON**

v.

The **BOARD OF APPEALS OF the TOWN OF KENNEBUNK** and the *Building Inspector* of the Town of Kennebunk.

Supreme Judicial Court of Maine.

April 16, 1976.

Reagan & Ayer, by Gordon C. Ayer, Kennebunk, for plaintiff.

Smith, Elliott, Wood & Nelson, P. A., by Roger S. Elliott, Randall E. Smith, Saco, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

## WEATHERBEE, Justice

The plaintiff, Ronald L. Robinson, owns a thirty-acre parcel of land located in the town of Kennebunk, Maine. This land is situated in a Farm and Forest District as established by the Kennebunk Zoning Ordinance. At some time prior to December, 1972 Mr. Robinson developed a plan to use the parcel as a camping ground for transient camping vehicles and tenting, a use he believed was specifically within the Farm and Forest Districts. Pursuant to this plan, Mr. Robinson sought approval from all relevant state and local governmental agencies.

The plaintiff readily obtained approval from the necessary state agencies, but approval from the local agencies was more difficult to secure. Mr. Robinson first brought his proposal before the Kennebunk Planning Board which approved it on April 27, 1973. The plaintiff also obtained the necessary plumbing permits from the local plumbing inspector. On September 11, the plaintiff applied to the Kennebunk building inspector for permits to build five permanent auxiliary structures for use in the campground. The applications were denied by the building inspector for reasons relating to the total use of the land, and the plaintiff appealed the denial to the Kennebunk Board of Appeals, claiming that his proposed use of the premises is a permitted use and that the building inspector erred. On October 16, the Board, after hearing, voted to sustain the building inspector's denial for reasons again relating to the total use of the plaintiff's land.

Plaintiff filed a complaint pursuant to M.R.C.P., Rule 80B with the Superior Court of York County, seeking relief from the decision of the Board of Appeals. In a decision dated August 5, 1974, the Court ruled in the plaintiff's favor and ordered that the necessary building permits be issued to him. The Court first determined that that portion of the Kennebunk Zoning Ordinance that forbids the erection of a dwelling in any Farm and Forest District on a lot of less than three acres did not apply to the activity proposed by the plaintiff because "dwelling", as used by the Ordinance, refers to a permanent place of abode and not to trailers and tents designed for transient use by vacationers and campers. After ruling that the plaintiff's proposed camping ground is, by the terms of the ordinance, a permitted use within a Farm and Forest District, the Court invalidated that section of the Ordinance that required the plaintiff to obtain a permit for his proposed change in land use where that change was a permitted use within the zone in which the land is situated. The presiding Justice found that the only restraint on the Board's discretion to approve or deny the proposed change was the

generalized statement of purpose in the Ordinance's preamble. Relying on this Court's opinion in *Waterville Hotel Corp. v. Bd. of Zoning Appeals,* Me., 241 A.2d 50 (1968), the Court held that the absence of definite standards to guide the Board's determination left unconstitutionally vague the requirement that the plaintiff secure a permit allowing him to change his land from one permitted use to another. The Court therefore ruled that the plaintiff was not required to obtain a use permit before applying for a building permit.

The Board of Appeals appeals from this decision. We deny the appeal.

*The Density Requirements*

Section 6.21 of the Kennebunk Zoning Ordinance specifies that

"[n]o dwelling, seasonal or year-round, shall hereafter be erected in any Farm and Forest District, except on a lot containing not less than three (3) acres and not less than Two Hundred (200) feet lot width . . . ."

Because plaintiff intends to construct 203 sites in an area of approximately 30 acres, the Board contends that the lot space for each camping unit, either tent or camping vehicle, is less than the three-acre minimum for a "dwelling" under the above provision. The Superior Court ruled that trailers and tents designed for transient use are not "dwellings" within the meaning of the Ordinance and hence the density requirements do not apply to the plaintiff's facility. We agree.

■ In determining whether each camping unit is a "dwelling" as the term is denominated and applied in section 6.21 of the Ordinance, we are aware that the terms of a zoning ordinance must be "construed reasonably with regard both to the objects sought to be attained and to the general structure of the ordinance as a whole". *Moyer v. Board of Zoning Appeals,* Me., 233 A.2d 311, 317 (1967). Thus, when the term used is ambiguous or

uncertain, the Court's construction of that term should be informed by the context within which the term appears. *Robbins v. Bangor Ry. & Elec. Co.,* 100 Me. 496, 62 A. 136 (1905).

■ An examination of the Ordinance convinces us that "dwelling" is intended to refer to structures of facilities used for permanent habitation. The Ordinance does not define the term "dwelling", but sections 2.41 and 2.411 specify that the word "building" shall include mobile homes if they are designed for long-term occupancy. It would follow that units bearing many of the characteristics of mobile homes, but not designed for long-term occupancy, such as campers, are not considered "buildings" as that term is defined in the Ordinance. The Ordinance also defines "Home Occupation" as "an activity customarily carried on by the permanent residents of a dwelling unit", further evidencing the logical connection between "dwelling" and permanent occupancy.

The uses permitted in the Farm and Forest Districts strongly support the construction that the term "dwelling" is intended to exclude facilities not designed for permanent habitation. These permitted uses include "Seasonal and year-round one-family dwellings, but only one such structure per lot . . ." (section 6.11). Although the Ordinance lists several other permitted uses, only here does it reiterate the density requirements of section 6.21. Summer camps are apparently not considered dwellings because they are dealt with in a separate section and because this density requirement is not mentioned in the section permitting their use within this zone. The context—"summer camps, schools, libraries, museums" (section 6.13) —suggests that the Ordinance is referring to group camps and not to the "seasonal one-family dwelling" of the previous section. It would indeed be anomalous to require that each building in a summer camp facility be located on its own three-acre lot, even though these structures are rela-

tively more permanent than the tents and trailers located on a camping ground. It would be even more absurd to permit campgrounds and then require that each tent occupy its own three-acre lot. The apparent purpose of the density requirements for "dwellings" is to restrict residential development thereby preserving the rural character of the zone for the enjoyment of those who would pursue the "outdoor recreation activities" (including camping) specifically permitted by the Ordinance.

■ Finally, common parlance suggests that the word "dwelling" does not refer to facilities for transient habitation. *E. g., F. H. A. v. The Darlington,* 358 U.S. 84, 79 S.Ct. 141, 3 L.Ed.2d 132 (1958). Undefined terms should be given their common and generally accepted meaning unless the context clearly indicates otherwise. *Moyer v. Bd. of Zoning Appeals,* supra; 1 Yokley, Zoning Law and Practice 446 (2d ed.). Although not conclusive in this case, it is worth noting that this Court has, in a non-zoning context, determined that a mobile home was a "dwelling" by giving particular weight to the structure's permanent character. *Naiman v. Bilodeau,* Me., 225 A.2d 758 (1967).

We conclude that the Court below correctly held that tents and trailers intended for transient use by vacationers and campers are not "dwellings"' as that term is used in section 6.21 of the Kennebunk Zoning Ordinance. The plaintiff's campground is not therefore subject to the density requirements of that section.

*The Need to Secure a Separate Permit Authorizing a Change in Property Use*[1]

Section 17.1 of the Kennebunk Zoning Ordinance provides, inter alia, that

"[n]o building sign or other structure shall be erected . . . in Kennebunk without a written permit issued by the building inspector. Such a permit shall be issued only if the building plans and/or intended use(s) fulfill the requirements of this Ordinance. The building inspector shall be notified of any change in use of a building or premises and *a permit shall be secured for such change."* (Emphasis added.)

This provision permits the building inspector in the first instance to approve or disapprove a change in land use with a subsequent appeal to the Board of Appeals under section 15.21c of the Ordinance. The Court below ruled that the plaintiff was not required to apply for a permit pursuant to this section because the standards governing the issuance of such a permit are unconstitutionally vague. The Court determined that the only standard governing the Board's discretion in approving or denying the permit is language in the Zoning Ordinance preamble:

"1.1 This Kennebunk Zoning Ordinance and its regulations are designed for all the purposes of zoning, embraced in Maine Revised Statutes, among other things to promote and conserve the health, safety, convenience and welfare of the inhabitants; to encourage appropriate, safe and healthful uses of land . . . ."

In invalidating this provision of the Ordinance, the Court relied upon our decision in *Waterville Hotel Corp. v. Board of Zoning Appeals,* supra, which held that a zoning ordinance is unconstitutionally vague if it merely states the Appeal Board's action must be in harmony with the comprehensive plan, the purpose and intent of the ordinance, or the public interest.

---

1. This decision does not address the plaintiff's obligation to apply for a building permit for the erection, alteration, movement or demolition of a building within Kennebunk. It is concerned only with the building inspector's alleged authority to issue permits for a change in property use and the authority of the Board of Appeals to affirm the building inspector's denial of these permits.

In *Waterville Hotel*, the plaintiff applied for a permit to construct a service station on a lot in a commercial zone, a permitted use. The zoning ordinance required that all changes in use shall be subject to the approval of the Board of Zoning Appeals. The Court ruled that this ordinance created a conditional use, that is, the allowance of one of certain uses within a particular zone with the approval of some municipal agency. The Court expressly noted that the use was not a permitted use. We found this ordinance to be invalid for two reasons. First, the ordinance was unconstitutional because

"[t]he legislative body cannot . . . delegate to the Board a discretion which is not limited by legislative standards. It cannot give the Board discretionary authority to approve or disapprove applications for permits as the Board thinks best serves the public interest without establishing standards to limit and guide the Board." 241 A.2d at 52.

Second, the city's failure to prescribe standards was ruled invalid as an attempt to escape compliance with the comprehensive plan requirement of 30 M.R.S.A. § 4953(2) (now 30 M.R.S.A. §§ 4961, 4962(1)(A)). We determined that the requirement that zoning be consistent with a comprehensive plan was intended to avoid "ad hoc, unplanned, and potentially arbitrary zoning". 241 A.2d at 54. By failing to prescribe standards on which city agencies must base their decisions, the ordinance left the approval or disapproval of conditional uses to the Board's "unbridled discretion" and could not therefore ensure that the city would adhere to its own comprehensive plan.

We may distinguish between these two grounds. The requirement that the powers of a zoning appeal board must be limited by the standards prescribed by a legislative body addresses principally the needs of those subject to the ordinance and is essentially one of due process fairness.

". . . [T]he legislative body must spell out its policies in sufficient detail to furnish a guide which will enable those to whom the law is to be applied to reasonably determine their rights thereunder, and so that the determination of those rights will not be left to the purely arbitrary discretion of the administrator." *Stucki v. Plavin*, Me., 291 A.2d 508, 510 (1972).

The requirement that the Board adhere to its own comprehensive plan, while embracing the above, is, moreover, intended to protect the integrity of the zoning ordinance by forbidding lot-by-lot zoning. *Waterville Hotel Corp. v. Board of Zoning Appeals*, supra, 241 A.2d at 54.

We describe these two grounds in some detail and mark the difference between them because we believe that the invocation of one or the other of them as the controlling standard in this case depends upon whether a camping ground in a Farm and Forest District is a permitted or a conditional use. If the Ordinance intended to establish camping grounds as a conditional use, then the requirement that the landowner secure a permit to change the use of his land to a camping ground is squarely within the first part of our holding in *Waterville Hotel* and is unconstitutional and void because the Ordinance fails to establish any parameters to limit the discretion of the Board.

We believe, however, that the function of the building inspector under section 17.1 is purely ministerial and that he must issue, and the Board must approve, the plaintiff's permit after he has met all of the technical requirements of the Ordinance. In other words, the Kennebunk Zoning Ordinance establishes camping grounds in a Farm and Forest District as a permitted use, one which the municipality allows within a given district and which grants "no further scope for the Board's activity after the Board has established that the use *is* a permitted one and that de-

velopment requirements have been met." *Waterville Hotel Corp. v. Board of Zoning Appeals,* supra at 52. In the present case, the Board of Appeals, as well as the building inspector, has clothed its actions with a discretion nowhere granted it by the Ordinance. In so doing, the Board has failed to act in accordance with the comprehensive plan adopted by the town of Kennebunk in its Zoning Ordinance. The Board's action is therefore ultra vires and void.

■ A primary precondition of any zoning ordinance is the adoption by the municipality of a comprehensive plan, with which that zoning ordinance must be consistent. 30 M.R.S.A. § 4962(1)(A); *Wright v. Michaud,* 160 Me. 164, 200 A.2d 543 (1964). The approach used by the town of Kennebunk is typical, involving the delineation of uniform districts which conform to a legislatively preconceived plan designed to maintain orderly municipal growth. 30 M.R.S.A. § 4961(1); Kennebunk Zoning Ordinance, § 3; *see* Haar, In Accordance With a Comprehensive Plan, 68 Harv.L.Rev. 1154 (1955). The ordinance divides the town into nine districts, specifies their locations and describes the uses permitted in each.

The plaintiff's land is located in a Farm and Forest District. Section 6 of the Ordinance provides:

"6.1 Land uses permitted in Farm and Forest Districts.

.   .   .

*    *    *    *    *    *

6.17 Outdoor recreation activities whether or not for profit, such as (but not limited to) golf-courses, livery, ski-tow, and camping-grounds, if they fulfill State and Kennebunk public health requirements  .  .  .."

The plaintiff has complied with the State Health and Welfare requirements governing campgrounds. Other than the general goals stated in the Zoning Ordinance preamble, the record does not show that the town of Kennebunk has any specifically documented health requirements. The Board has not, in any event, raised the plaintiff's failure to comply with local health requirements as a reason supporting its disapproval of the plan. The plaintiff has, moreover, obtained plumbing permits from the plumbing inspector, who is also the town Health Officer. The Court below found that the plaintiff's project is a "camping-ground" within the meaning of the Ordinance, a finding not contested on appeal.

■ The Ordinance does not require that any further conditions be met before the plaintiff be allowed to establish a camping ground upon his land. In other words, we interpret section 17.1, quoted above, as reading "The building inspector shall be notified of any change in use of a building or premises and a permit shall be *issued* for such change *if the proposed use is a permitted use and meets all other requirements of the Ordinance."* Neither the building inspector nor the Board of Zoning Appeals can deny the plaintiff's permit after he has met all of the technical requirements of the Zoning Ordinance. The determination of whether to grant the permit had, in effect, already been made by a legislative body when it drafted the Ordinance. *See Stucki v. Plavin,* supra. Unlike the *conditional* use at issue in *Waterville Hotel,* this *permitted* use does not vest the Board with any discretion to approve or disapprove the plaintiff's permit for a type of use permitted in the District once the Planning Board has approved that use.

In disapproving the plaintiff's permit, the Board failed to render its decision in accordance with the requirements of the Ordinance, adopted pursuant to the required comprehensive plan. Kennebunk Board of Zoning Appeals' denial of the plaintiff's permit is ultra vires and without force. We therefore sustain, although on a different rationale, the ruling of the Superior Court that the Board's denial of the plaintiff's permit is void.

It is ORDERED that, upon proper application of a Change of Use permit (Section 17.1), such permit and the Building Permit herein discussed shall be issued to the Appellant.

The entry will be:

Appeal denied.

Permits to issue as herein ordered.

DELAHANTY, J., sat at argument but did not participate further in the case.