**Frank E. PITCHER**

v.

**TOWN OF WAYNE et al.**

Supreme Judicial Court of Maine.

Argued Nov. 19, 1991.
Decided Dec. 17, 1991.

Karen E. Lovell (orally), Smith & Elliott, Saco, for plaintiff.

Clifford H. Goodall, James D. Bivins (orally), Goodall & Larouche, Augusta, for defendants.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

GLASSMAN, Justice.

Frank E. Pitcher appeals from the judgment entered in the Superior Court (Kennebec County, *Chandler, J.*) affirming the denial of his application for a building permit by the Code Enforcement Officer and the Zoning Board of Appeals (Board) of the Town of Wayne (Town). Because we agree with Pitcher that his lot is not subject to the minimum lot size requirement for new lots developed in the Town's shoreland zone and that Pitcher is entitled to a building permit, we vacate the judgment of the Superior Court.

Pitcher inherited two adjoining shorefront lots in Wayne in 1972. A single family residence stands on the one-third acre lot. The adjoining three-quarter acre lot has been vacant since 1924 when a fire destroyed the church building that stood on the premises. In 1987, the Town enacted a zoning ordinance that requires a two-acre minimum lot size for new lots developed in the Town's shoreland zone in which Pitcher's lots are located. Pitcher applied for a building permit to construct a single family home on his vacant lot in August 1990. The permit was denied. Pitcher appealed to the Board and then to the Superior Court. The permit denial was affirmed in each forum.

 When the Superior Court acts in an intermediate appellate capacity, we independently examine the record developed before a zoning board of appeals and review the board's decision "only to determine whether the [b]oard abused its discretion, committed an error of law, or made findings not supported by substantial evidence in the record." *Sherwood v. Town of Kennebunkport*, 589 A.2d 453, 454 (Me.1991); *Grant's Farm Assocs, Inc. v. Town of Kittery*, 554 A.2d 799, 801 (Me.1989); *Lakes Envtl. Ass'n v. Town of Naples*, 486 A.2d 91, 94 (Me.1984). The construction of a local zoning "ordinance is a question of law for the court, with the meaning to be decided in light of the objectives and general structure of the ordinance." *Farley v. Town of Lyman*, 557 A.2d 197, 200 (Me. 1989).

Pitcher first contends that his vacant lot is a "buildable lot" as defined in Article VIII(D)(2) of the zoning ordinance [1] and is thereby excepted from the minimum lot size requirements established for the shoreland zone in Article V. He also contends

---

1. The Ordinance provides in relevant part:
 D. *Nonconforming Lots of Record:*
 1. *Definition:* A "Nonconforming Lot of Record" is a lot of record, the dimensions of which were legally established under applicable ordinances in effect prior to the passage of this ordinance, and which dimensions or area do not meet the minimum lot requirements of this ordinance in the applicable zone, and which lot of record is not adjoined by any land or lots in which the owner of the nonconforming lot has any whole or partial interest on the date of passage of this Ordinance.
 2. *Buildable Lots:* Notwithstanding the minimum lot size provisions of the Ordi-

nance, it is permissible to construct a new residence containing one (1) dwelling unit and/or buildings accessory to a residence, if all buildings will meet the setback requirements in the zone in which it lies; if construction is on *undeveloped* lots of more than 20,-000 square feet; if the lot and use meets the State Plumbing Code; and if all structures comply with the maximum lot coverage provisions of Section B, ss. 1–c, above. *Undeveloped* lots are those which do not contain a building used as a residence.
Wayne Zoning Ordinance, Article VIII(D).

that the two-acre lot size requirement of Article V is not applicable to his vacant lot. The Town contends that Article VIII(D)(2) only applies to nonconforming lots and is, therefore, inapplicable because Pitcher's vacant lot adjoins the developed one-third acre lot also owned by him and thus cannot be a nonconforming lot of record as defined by Article VIII(D)(1). The Town concedes the ordinance contains no merger provision. The meaning of the term "nonconforming lot of record" is rendered ambiguous by inconsistent and contradictory usage throughout Article VIII. Furthermore, the term is not used in Article VIII(D)(2). In the instant case, however, we need not resolve this ambiguity. Even if Pitcher's vacant lot does not fall within the exception of Article VIII(D)(2) that would allow the proposed structure, the proposed structure complies with the applicable requirements of Article V of the ordinance.

██ Article V of the zoning ordinance regulates construction in the Town's shoreland zone.[2] The language of Article V(B)(1) limits application of the two-acre minimum lot size requirement to *new lots*. The Town argues that Article V(B)(1) applies to all new construction in the shoreland zone, including construction on lots of record at the time the ordinance was passed. We find this statutory construction urged by the Town to be unsupport-

able in view of the overall objectives and general structure of the ordinance.

The ordinance does not supply a definition for the term "new lots." We have previously stated that in construing a zoning ordinance we will give an undefined term its "common and generally accepted meaning unless the context clearly indicates otherwise." *George D. Ballard, Bldr. v. City of Westbrook*, 502 A.2d 476, 480 (Me.1985); *Robinson v. Town of Kennebunk*, 356 A.2d 196, 199 (Me.1976). Because it controls and limits the use of real estate, the term "new lots" must be strictly construed; its meaning may not be extended by implication. *City of Portland v. Grace Baptist Church*, 552 A.2d 533, 535 (Me.1988); *LaPointe v. City of Saco*, 419 A.2d 1013, 1015 (Me.1980). Common and general usage supports the determination that a lot is *new* when it comes into existence by conveyance or subdivision after the effective date of a zoning ordinance. Here, Pitcher's ownership of the vacant lot as a distinct parcel preceded the Town's enactment of the zoning ordinance by approximately 15 years. Accordingly, the two-acre minimum lot size requirement of Article V(B)(1) is not applicable to Pitcher's vacant lot.

In contrast, the minimum setback and maximum height standards established by Article V(C) apply to all *new structures* in the shoreland zone. It is uncontradicted that Pitcher's proposed structure complies

---

2. The Ordinance provides in pertinent part:
 A. The Shoreland Zone shall be a zone of year-round and seasonal residence, and certain qualifying uses.
 B. *Minimum Lot Size and Density:*
 1. New lots abutting any pond, lake, stream, or river shall meet the following minimum standards:

 a. Shore Frontage and Width: 250 feet
 b. Depth: 200 feet
 c. Area: 2 Acres
 2. *Density:* There shall be no more than one residence of one dwelling unit per minimum lot. Uses permitted as a Special Exception shall require a minimum lot.

C. *Setback and Height Requirements:*
 1. *Setbacks:* New structures and additions to existing structures shall meet the following minimum setbacks:
 a. Normal High Water Mark: 100 feet.
 b. Side: 30 feet.
 c. Right of Way Line of streets & roads: 30 feet
 d. Rear: 15 feet
 If more than one applies to the same setback, the larger setback controls.
 2. *Height:* No new primary building or additions to existing primary buildings shall exceed 30 feet in height measured from the

with the setback and height standards imposed by Article V(C).

The entry is:

Judgment of the Superior Court is vacated. Remanded to the Superior Court to remand to the Wayne Zoning Board of Appeals for issuance of a building permit to the plaintiff, Frank E. Pitcher.

All concurring.

---

highest point in the natural grade at the perimeter of the building or addition. Accessory buildings by the same measure shall be no more than 22 feet.

Wayne Zoning Ordinance, Article V.