## C.N. BROWN CO., INC.

### v.

## TOWN OF KENNEBUNK.

Supreme Judicial Court of Maine.

Argued June 21, 1994.

Decided July 19, 1994.

Christian L. Barner (orally), Bernstein, Shur, Sawyer & Nelson, Kennebunk, for plaintiff.

Karen B. Lovell (orally), Smith, Elliott, Smith & Garmey, P.A., Saco, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, and DANA, JJ.

GLASSMAN, Justice.

The Town of Kennebunk appeals from a judgment entered in the Superior Court (York County, *Brennan, J.*) vacating the decision of the Zoning Board of Appeals of the Town of Kennebunk (the Board) denying C.N. Brown Co., Inc.'s application for a building permit. Contrary to the Town's contention, the applicable zoning ordinance does not prohibit C.N. Brown's proposed use of the subject property. Accordingly, we affirm the judgment.

In January of 1992, C.N. Brown purchased property located in the Town of Kennebunk in an area designated, pursuant to the Town's zoning ordinance, as the Compact Lower Village Business District (CLVB dis-

trict). At the time of the purchase, the property was used as a gasoline filling station and an automobile service station. Although the automobile service station was a nonconforming use, it is undisputed that this use was permitted on the subject property pursuant to the "grandfather clause" in the zoning ordinance.[1]

Among the permitted uses in the CLVB district is the operation of a "retail store" as that term is defined in the ordinance. C.N. Brown proposed to discontinue the operation of the nonconforming service station, convert the existing service bays into a retail convenience store, and continue the operation of the gasoline filling station. Because this proposal contemplated alterations to a nonconforming existing structure, C.N. Brown filed an application for a building permit with the Town's Code Enforcement Officer (CEO). The CEO denied the application on the ground that changes to a nonconforming structure must receive the approval of the Board.[2]

Although the Board voted to approve the alterations to the nonconforming structure, it denied the application on the ground that the operation of the gasoline filling station is a nonconforming use that would be impermissibly expanded by the addition of the convenience store. The Board rejected C.N. Brown's contention that the operation of a gasoline filling station is within the ordinance's definition of a retail store and concluded that a gasoline filling station falls within the ordinance's definition of "motor vehicle sales and service," a use not permitted in the CLVB district.[3]

After a hearing on C.N. Brown's complaint seeking a review of the Board's decision pursuant to M.R.Civ.P. 80B, the Superior Court (*Lipez, J.*) vacated the decision of the Board, reasoning that the definition of a "retail store" contained in the ordinance permitted the operation of the gasoline filling station in the CLVB district. Following the entry of a final judgment in favor of C.N. Brown, the Town filed a timely notice of appeal.

■■■ The Town contends that the Board properly determined that the operation of a gasoline filling station is not a permitted use in the CLVB district. When, as here, the Superior Court acts as an intermediate appellate court, we independently examine the record and review the Board's decision for an abuse of discretion, error of law, or findings unsupported by substantial evidence in the record. *Pitcher v. Town of Wayne,* 599 A.2d 1155, 1156 (Me.1991). Whether a proposed use falls within a given categorization contained in a zoning ordinance is a question of law. *Hopkinson v. Town of China,* 615 A.2d 1166, 1168 (Me.1992).

The issue in this case is not whether the Town of Kennebunk could have excluded gasoline filling stations from the definition of a retail store, but whether in fact it did so. Accordingly, the Town's reliance on *Singal v. City of Bangor,* 440 A.2d 1048 (Me.1982), is misplaced. In that case, we held that the owner of a convenience store could not, pursuant to the City of Bangor's zoning ordi-

---

**1.** Article V, section 4 of the zoning ordinance provides, in pertinent part:
> The use of land, building or structure, lawful at the time of adoption, or subsequent amendment of this Ordinance, may continue although such use does not conform to the provisions of this Ordinance....

Kennebunk, Me., Zoning Ordinance, Art. V, § 4 (June 12, 1991).

**2.** Article V, Section 8 of the zoning ordinance provides, in pertinent part:
> Upon approval of the Board of Appeals, a nonconforming aspect of a lot, building, or use may be changed such that it is less nonconforming or no more nonconforming than the existing situation.

Kennebunk, Me., Zoning Ordinance, Art. V, § 8 (June 12, 1991).

The CEO also advised C.N. Brown that the proposed change would require approval by the Site Plan Review Board. The proceedings before that Board are not at issue here and have been stayed pending final determination of the present case.

**3.** The ordinance defines "motor vehicle sales and service" as:
> The use of any building or land area for the display and sale of new or used automobiles, trucks, vans, trailers, recreation vehicles, motor cycles, or similar motorized vehicles, and including repair facilities for such vehicles.

Kennebunk, Me., Zoning Ordinance, Art. II, § 10 (June 12, 1991).

nance, install gasoline pumps as an accessory to the operation of the convenience store in an area zoned for retail stores. *Id.* at 1052. The zoning ordinance expressly prohibited the outdoor storage of goods or materials, thereby excluding the possibility of displaying or storing gasoline in the subject zone. *Id.* The Town of Kennebunk's zoning ordinance contains no such restriction.

Here, the zoning ordinance defines a "retail store" as "[a]n establishment that sells goods or commodities directly to the consumer or other end user" and provides that the term "shall include salesrooms or showrooms, but not motor vehicle sales, either new or used, or eating places." Kennebunk, Me., Zoning Ordinance Art. II, § 2 (June 12, 1991). Clearly a gasoline filling station sells a commodity directly to the end user. Had the Town wished to exclude gasoline filling stations from the definition of a retail store, it could have done so by express language as it did with motor vehicle sales and eating places. Moreover, the only reference in the zoning ordinance to gasoline filling stations appears in a performance standard applicable in the CLVB district. The performance standard provides that "[n]o loading platforms or receiving doors shall be located on the street side of any retail store or commercial building, *except gasoline filling stations,*" *id.* Art. VIII, § 11(D)(2)(h) (emphasis added), thereby clarifying that a gasoline filling station is contemplated as a permitted use in the CLVB district. The Board's determination that a gasoline filling station is not a retail store is contrary to the language of the ordinance.

The entry is:

Judgment affirmed.

All concurring.