1997 ME 11

## CUMBERLAND FARMS, INC.

### v.

## TOWN OF SCARBOROUGH, et al.

Supreme Judicial Court of Maine.

Submitted on briefs Dec. 13, 1996.
Decided Jan. 23, 1997.

David A. Lourie, Cape Elizabeth, for plaintiff.

Christopher L. Vaniotis, Bernstein, Shur, Sawyer & Nelson, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

WATHEN, Chief Justice.

[¶ 1] Plaintiff Cumberland Farms appeals from a judgment entered in the Superior Court (Cumberland County, *Mills, J.*) affirming the decision of the Scarborough Zoning Board of Appeals (the "Board"). Contrary to plaintiff's contention, the Board properly construed the Scarborough zoning ordinance to prohibit a gasoline filling station as an accessory use in the Town and Village Centers zone (the "TVC" zone). Accordingly we affirm the judgment.

[¶ 2] The relevant facts may be briefly summarized as follows. Plaintiff is the owner of a convenience store on U.S. Route One in the TVC zoning district in Scarborough. Plaintiff applied for a permit for the sale of gasoline as an accessory use in the TVC zone. The code enforcement officer denied the application and plaintiff appealed to the Board. After a public hearing, the Board issued a written decision finding that gasoline filling stations are not allowed as either a principal or accessory use in the TVC zone. After a hearing on plaintiff's complaint for review pursuant to M.R.Civ.P. 80B, the Superior Court affirmed the Board's decision. Plaintiff now appeals.

[¶ 3] When the Superior Court acts as an intermediate appellate court, we independently examine the record and review the Board's decision for an abuse of discretion, error of law, or findings unsupported by substantial evidence in the record. *C.N. Brown Co., Inc. v. Town of Kennebunk,* 644 A.2d 1050, 1051 (Me.1994). Whether the proposed use falls within a particular use category in a zoning ordinance is a question of law. *Id.*

[¶ 4] Plaintiff argues that the Board improperly excluded gasoline filling stations from the permitted accessory use category in the TVC zone. This contention is without merit. The Board properly interpreted the terms and provisions of the ordinance by reading the ordinance as a whole and by giving effect to obvious legislative intent. *Singal v. City of Bangor,* 440 A.2d 1048, 1052 (Me.1982).

[¶ 5] The Scarborough zoning ordinance expressly permits gasoline filling stations in only two districts, B–2, the general business district and B–H, the highway business district, and then only as a special exception use subject to strict performance standards. Section II(D)(7) of the ordinance states a general rule of prohibition: "Any use not specifically allowed as either a permitted use or a Special Exception in any district shall be considered prohibited in that district." The zoning ordinance evidences an obvious intent to restrict gasoline filling stations to special exception uses in heavy commercial districts subject to strict performance standards.

[¶ 6] Plaintiff acknowledges that gasoline filling stations are not permitted in the TVC zone as a principal use, but argues that they may be permitted as an accessory use. The Scarborough zoning ordinance, however, defines "Gasoline Filling Stations" as "[a]ny building, structure, land or part thereof where motor vehicle fuel is sold at retail *either as a principal use or as an accessory use* ..." (emphasis added). The Board properly interpreted this provision to mean that the ordinance's restrictive treatment of gasoline filling stations applies when gasoline is sold at retail as a principal *or* as an accessory use. The Board's interpretation is not only supported by the plain language of the provision, it is compelled by the ordinance's restrictive treatment of gasoline filling stations. Individual provisions must be interpreted in harmony with the overall scheme of a zoning ordinance, *Natale v. Kennebunkport Board of Zoning Appeals,* 363 A.2d 1372, 1374 (Me.1976).

{¶ 7} Because "accessory use" is a permitted category in every zone under the ordinance, plaintiff's view, if upheld, would allow the location of gasoline filling stations in every zone. Moreover, as a permitted accessory use, the stations would be free from the strict performance standards. Given the "comprehensive spirit of the ordinance," the Board did not err in declining to accept such an unreasonable interpretation. *Singal* at 1052.

The entry is:

Judgment affirmed.