STATE OF MAINE

YORK, ss.

DONALD L. GARBRECHT
LAW LIBRARY

MAY 12 2000

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-98-040
GAB-YOR - 5/11/2000

INLAND GOLF PROPERTIES, INC.,

     Plaintiff

v.

DECISION AND ORDER

INHABITANTS TOWN OF WELLS,
et al.,

     Defendants

Pending are Plaintiff Inland Golf Properties, Inc.'s Rule 80B Appeal and Motion for Summary Judgment. Following hearing, both are Denied.

## FACTS

This case pertains to plaintiff Inland Golf Properties, Inc.'s appeal of a decision of the Town of Wells Zoning Board of Appeals. In 1986 Ocean 18 Associates, a developer interested in improving land for a residential golf complex, petitioned the Wells Board of Selectman for an exemption to the Town's Residential Growth Ordinance. The Ordinance had been enacted in order to : "provide for a predictable residential growth rate to enable the town to plan for and expand facilities and services according to a comprehensive plan." The terms of the Ordinance limited the issuance of growth permits to any one subdivision to three per month.[1] Under section 109-5.B of the Ordinance, however, an exemption could be granted with the recommendation of the Planning Board and the approval of the Board of Selectmen

---

[1] Planned Growth Ordinance section 109-7 B.

if the developer was willing to pay for all necessary capital improvements.[2] Ocean 18 was granted an exemption on January 27, 1987. Approximately two months later, section 109-5 B was repealed. Ocean 18 never developed the property, and in 1994 conveyed the land to Inland Golf Properties, Inc. [hereinafter "Inland Golf"]. Inland Golf, like its predecessor in interest, also intended to construct a residential golf complex, although on a smaller scale.[3]

On March 4, 1998 Inland Golf requested the Town's Code Enforcement Officer to confirm that Inland Golf was entitled to the exemption granted to Ocean 18. On April 1, 1998 the CEO issued a decision, stating "[I]t is our opinion that the Inland Golf project would only be allowed to obtain permits for up to 3 new housing starts per month, according to Chapter 109, Section 8.1.1 Residential Growth." Inland Golf appealed to the Town Zoning Board of Appeals, which on May 12, 1998 upheld the decision of the CEO. Inland Golf now petitions this Court for judicial review of the Board's decision. Inland Golf also moves for summary judgment on Count II of its Complaint, asking this Court to hold as a matter of law that the Residential Growth Ordinance is invalid under 30-A M.R.S.A. §4356. Inland Golf additionally seeks declaratory relief with respect to Count II of its Complaint.

---

2 Section 109-5 B states that these consist of "all the capital costs of improvements the Planning Board finds the development requires, including but not limited to water, sewer, classroom space, fire and police protection, roads, etc."

3 The Inland Golf development would consist of an 18 hole golf course with 122 single family homes and 30 townhouse units. Contrast this with Ocean 18's proposed development consisting of an 18-hole golf course and 358 condominium units.

## MOTION FOR SUMMARY JUDGMENT

The Law Court has now ruled that residential growth ordinances, such as the one here at issue, are not invalid as a matter of law under 30-A M.R.S.A. §4356; *Home Builders Association of Maine, Inc., et al. v. Town of Eliot*, 2000 Me. 82, May 10, 2000. Thus, the Motion for Summary Judgment must fail.

## RULE 80B APPEAL

When the decision of a governmental body is appealed pursuant to Rule 80B, this Court independently examines the record and reviews the decision of the zoning board of appeals for abuse of discretion, errors of law, or findings unsupported by substantial evidence. *Cumberland Farms v. Town of Scarborough*, 1997 ME 11, ¶3, 688 A.2d 914, 915.

The Exemption is not a variance that runs with the land.

Inland Golf argues that the Town misapplied the law in failing to recognize that the exemption granted to Ocean 18 is transferrable to Inland Golf as its successor in interest. As support for its position, Inland Golf cites a treatise, K. Young's *Anderson's American Law of Zoning* § 20.02 at 412/-413 (4th ed. 1996). "Approvals that run with land include 'authorization[s] for the construction or maintenance of a building or structure, or for the establishment or maintenance of a use of land, which is prohibited by a zoning ordinance.'" Plaintiff's Reply Brief ¶ 3. But this discussion in *Anderson* relates to variances, not special exceptions.

A variance is "designed as an escape hatch from the literal terms of the ordinance which, if strictly applied, would deny a property owner all beneficial use

3

of his land and thus amount to confiscation." (citing authority). "A variance is granted to render justice in unique and individual cases of practical difficulties or unnecessary hardship resulting from a literal application of the zoning ordinance." *Id* at 411-12.

A variance would have required a finding of hardship which Inland Golf did not demonstrate. Inland Golf never completed the form included with the zoning board appeal application requesting information from applicants desiring a variance; nor did it state any reasons elsewhere in that application as to why a variance should be granted. Furthermore, Inland Golf does not argue in either of its briefs that the original, allegedly transferrable exemption granted to Ocean 18, was a variance based on a finding of hardship.

Inland Golf is careful to distinguish a variance, which runs with the land, from a special exception which does not. Citing *Anderson* it states that "[t]he difference between an authorization running with the land and a special exception that may not, is that an authorization running with the land grants a dispensation from adhering to the terms of an ordinance. In contrast, a special permit or exception is expressly allowed in the ordinance if certain standards also included in the ordinance are met." Plaintiff's Reply ¶ 3, citing *Anderson* at 416.17. The exemption granted to Ocean 18 fits the treatise's description of a special exception. Ocean 18 was specifically required to meet special standards described in section 109-5 B of the Ordinance. Characterizing the authorization as a special exception rather than a variance is also more consistent with the record, where the findings of the

4

zoning board do not indicate that it granted Ocean 18's petition based on a showing of hardship.

## The Exemption expired five years after it was granted, pursuant to the Land Use Ordinance.

However, even if this Court were to conclude that the exemption is transferrable from Ocean 18 to Inland Golf, the option to exercise the exemption was extinguished pursuant to 178 § 8.3.6 of the Wells Town Code provision which limits the period for beginning construction on a subdivision to five years. Even though the Residential Growth Ordinance did not itself provide a specific expiration date, the Ordinance is not insulated from the requirements of the Town's other laws which *do* have applicable expiration dates. The Growth Ordinance in effect at the time the original exemption was granted states: "This chapter shall not repeal, annul or otherwise impair or remove the necessity of complying with any other Maine or Wells laws or ordinances." Section 109-13.

Moreover, it is unlikely that the Town would draft an ordinance that would allow developers fortunate enough to obtain the exemption to have perpetual rights while all others who obtained growth permits through normal channels would be restricted to a period of use lasting only five years. This would not only result in unfair and disparate treatment, it would also undermine the Ordinance's stated purpose of providing orderly growth. Thus, the entry will be as follows.

After hearing and review of the parties submissions, Plaintiff's Rule 80B appeal and Motion for Summary Judgment are Denied.

5

1) The Court declares that the provisions of Defendants' Residential Growth Control Ordinance does not constitute a "moratorium" within the meaning of 30-A M.R.S.A. §4956.

2) The decision of the Town's Zoning Board of Appeals denying Inland Golf's appeal is affirmed; the Ocean 18 exemption has a five year time expiration period, does not run with the land and does not pass automatically to Inland Golf as Ocean 18's successor. The exemption is in the nature of a special exception and not a variance.

The clerk may incorporate the decision in the docket by reference.

Dated:     May 11, 2000

G. Arthur Brennan
Justice, Superior Court

PLAINTIFF:
MATTHEW MANAHAN ESQ
PIERCE ATWOOD
ONE MONUMENT SQ
PORTLAND ME   04101-4033

DEFENDANT:
DURWARD PARKINSON ESQ
BERGEN & PARKINSON
62 PORTLAND RD
KENNEBUNK ME   04043

6