STATE OF MAINE                                          SUPERIOR COURT
Cumberland, ss.                                         Civil Action
                                                        Docket No. AP-04-044

DAVID BROOKES and
LINDA BROOKES
          Petitioners

          v.                                            **DECISION ON APPEAL**
                                                        (M.R. Civ. P. 80B)
TOWN OF SCARBOROUGH,
GEOFFREY MINTE and
EILEEN MINTE

          Respondents

# I. BACKGROUND

## A. Issues before the Court.

At issue is whether the town properly granted the Mintes permission to construct a second floor addition to their cottage at Higgins Beach in Scarborough. The Brookes assert that the town's decision was erroneous for two reasons: (1) the Mintes failed to meet the requirements in the ordinance relevant to the reduction of setback requirements; and (2) the Mintes neglected to request that the town approve, by variance, the addition to the home. Scarborough relies on the Mintes' arguments and did not file a separate brief.

## B. Facts.

The Brookes live at 26 Morning Street in Scarborough. The Mintes have a cottage at 22 Morning Street, which they purchased from David Brookes' cousin. The parcel in

question is located in the R-4 zoning district and is served by the town sewer. The Brookes allege that the property and building on it are non-conforming.[1]

The Mintes claim that they were always clear about their intentions to expand the cottage and they told the Brookes about their plans before the purchase of 22 Morning Street. The Mintes claim that they would not have purchased the property if they had known that the Brookes were going to fight the addition to the cottage.

On September 10, 2003, over the Brookes' objection, the Zoning Board of Appeals found that all the criteria for a setback reduction were met and approved the reduction. The Mintes hired a contractor, but due to weather, were not able to begin construction within six months of the approval date. The setback reduction expired as of March 10, 2004. The Mintes then applied for a six-month extension for good cause. The Zoning Board of Appeals tabled the extension request and then denied it on June 9, 2004.[2] The Mintes then filed a new application, using the same supporting evidence and asking for the same setback reductions.

On June 22, 2004, the Town of Scarborough's Building Inspector denied the Mintes' application for a building permit. The proposed addition would be 20 feet from the front property line (instead of the 30 feet required by the ordinance) and 10 feet from the side property line (instead of the 15 feet required by the ordinance). The town

---

[1] Chapter 405 Section (XVI)(D) of the Town's Zoning Ordinance states that the minimum lot area for a lot serviced by the town sewer is 10,000 square feet, minimum street frontage is 75 feet, and maximum building coverage is 25%.

[2] The Mintes did not appeal the Zoning Board of Appeals' non-renewal of the 2003 permit. They believed that the 2004 approval mooted their grounds for appeal. The Brookes filed this action after the deadline for the Mintes to file an appeal regarding the 2003 permit's non-renewal. The Mintes claim that they "lost" the chance to appeal the non-renewal, because the Brookes did not tell them of the plans to instigate this action. There is no requirement that one disclose a planned appeal, as long one appeals in a timely manner. There is also no detrimental reliance as there is no evidence that the Brookes told the Mintes that they were not going to appeal the 2004 approval (there is only the lack of an appeal in the 2003 matter, but that should not bar an appeal in this instance.)

denied the permit because the requested construction would result in the second story imposing on the minimum front and side yard setbacks.[3]

The Mintes appealed the decision to the Town's Zoning Board of Appeals arguing that they were entitled to a limited reduction of the required front and side yard setbacks. On July 14, 2004, the Zoning Board of Appeals from the Mintes' architect. The Brookes' attorney expressed their opposition, including the fact that the proposed expansion, in the Brookes' opinion, would substantially block their view of the ocean.[4] The Board granted the appeal.

The Brookes filed this complaint on August 16, 2004. They allege that the Board and the Mintes never considered that the lot and the buildings on it violate relevant city zoning regulations, aside from the regulations relating to the required setbacks. The Brookes allege that the Board did not make the relevant factual findings to support the decision and that the Board incorrectly interpreted the zoning ordinance. The Brookes ask the court to reverse the decision of the Board of Zoning Appeals or in the alternative to remand to the Board for further consideration.

On October 15, 2004 this matter was remanded to the Zoning Board of Appeals in order for the Board to adopt minutes relating to the July 14, 2004 Board meeting and for findings and conclusions consistent with the requirements set forth in Title 30-A M.R.S.A. § 2691.

---

[3] Zoning Ordinance, Chapter 405, Section (XVI)(D) requires a minimum front yard set back of 30 feet for all buildings located within the town's R-4 District (serviced by the town sewer) and a minimum rear and side yard set back of 15 feet.

[4] In support of their case, the Brookes submitted two photographs as exhibits that purport to show how their view would be obstructed. One photograph, exhibit no. 4, shows a large pine tree that appears as a substantial view obstruction in its own right. The other, exhibit no. 5, shows that the proposed expansion would be a partial obstruction.
   The court understands that notwithstanding this appeal, the Mintes have completed their addition. Even though an appeal does not act as a stay of any action subject to review, M.R.Civ.P. 80B(b), a party runs a substantial risk that an adverse decision will require them to dismantle the addition.

## II. DISCUSSION

### A. Standard of Review

The interpretation of municipal ordinances is a question of law subject to *de novo* review. *Nugent v. Town of Camden*, 1998 ME 92, ¶ 7, 710 A.2d 245, 247, *see also, Jordan v. City of Ellsworth*, 2003 ME 94, ¶ 9, 828 A.2d 768, 771. The terms in an ordinance are to be construed reasonably with regard to both the objectives sought and the general structure of the whole ordinance. *Roberts v. Town of Phippsburg*, 642 A.2d 155, 156 (Me. 1994).

In a Rule 80B appeal, this court independently reviews the record. This court's decision, however, is limited to whether there was an abuse of discretion, an error in interpretation of the law, or findings not supported by substantial evidence in the record. *York v. Town of Ogunquit*, 2001 ME 53, ¶ 6, 769 A.2d 172, 175, *Cumberland Farms v. Town of Scarborough*, 1997 ME 11, ¶ 3, 688 A.2d 914, 915. *Senders v. Town of Columbia Falls*, 647 A.2d 93, 94 (Me. 1994). The findings will not be disturbed if supported by substantial evidence contained in the record. *Palesky v. Town of Topsham*, 614 A.2d 1307, 1309 (Me. 1992).

The substantial evidence standard requires the court to examine the entire record to determine whether the board could have rationally decided as it did, based on the facts presented to it. *Ryan v. Town of Camden*, 582 A.2d 861, 863 (Me. 1991). A court cannot substitute its own judgment for that of the board. *Boivin v. Town of Sanford*, 588 A.2d 1197, 1199 (Me. 1991). If there is evidence in the record to support the board's conclusion, the fact that the record contains inconsistent evidence or that the facts could be used to support a different conclusion does not negate the board's decision. *Id.*

4

## B. Interpretation of Zoning Ordinance

The provision in question states:

**a.** The applicant for a limited reduction of yard size must demonstrate the following:

**(1)** The existing buildings or structures on the lot for which the limited reduction of yard size is requested were erected prior to July 3, 1991, or the lot is a vacant nonconforming lot of record;

**(2)** The requested reduction is reasonably necessary to permit the owner or occupant of the property to use and enjoy the property in essentially the same manner as other similar properties are utilized in the zoning district;

**(3)** Due to the physical features of the lot and/or the location of existing structures on the lot, it would not be practical to construct the proposed expansion, enlargement or new structure in conformance with the currently applicable yard size requirements; and,

**(4)** The impacts and effects of the enlargement, expansion or new building or structure on existing uses in the neighborhood will not be substantially different from or greater than the impacts and effects of a building or structure which conforms to the yard size requirement.

**(5)** The applicant has not commenced construction of the enlargement, expansion, building or structure for which the limited reduction in yard size is requested, so that the Board of Appeals is not considering an after-the fact application.

*See* Zoning Ordinance, Town of Scarborough, chapter 405, Section 5(a) (2004) (Record at part 18). The Brookes do not challenge the Zoning Board of Appeals' determination as to (a)(1) and (a)(5), however, they do challenge the Board's determination as to (a)(2), (a)(3), and (a)(4).

## C. Use and Enjoyment

The Mintes use the house on Morning Street as a vacation cottage. In the findings of fact, the Zoning Board of Appeals found that the variances were reasonably necessary because without the reductions the Mintes would only be able to put one

bedroom on the second floor, instead of the three that the approved plan would give them. The Board found that there were other houses on the street that are two stories, so putting a second story on the cottage would not be totally out of character with the rest of the neighborhood.[5] The house already has three bedrooms, but the Mintes doubled that with the addition of the second level.

The Brookes allege that the Town found as it did, based not on the Mintes' necessity, but on their desire to have a home that is the same size as everyone else on the street. The Brookes allege that the house (with its three bedrooms) is already utilized in the same manner as the rest of the houses on the block, as a house, and that the Mintes do not need to add the addition, they just desire it. Even if the Brookes are correct, the house already had three bedrooms and can be lived in like other houses on the block. There is evidence in the record to support the Board's determination that it was "reasonably necessary" for the Mintes to expand the cottage in order to utilize the house (live in it) in essentially the same manner as their neighbors (i.e. not squeezing two children to each bedroom).[6] The ordinance does not define what constitutes "reasonably necessary," so the Board was free to interpret the term, which it did, finding it reasonably necessary that for this large family to enjoy the cottage, it needed more sleeping room.

## D. Physical Features

The Brookes allege that the Town incorrectly concluded that the Mintes made the requisite showing and further, that evidence presented at the July 14 hearing proved

---

[5] 16 of the 27 houses on the street have second stories, whereas 11 of the homes do not.

[6] There is also mention in the record that one of the three current bedrooms was intended to be the cottage's dining room.

that the Mintes could construct the expansion in conformance with the applicable requirements. However, in order to comply with applicable regulations, the addition would have to be in the back of the current structure and would only provide one bedroom.

## E. Impact on the Neighborhood

The Zoning Ordinance puts the burden on the person seeking the variance to demonstrate that the proposed addition will not be a greater impact than the addition that could be built which conforms to setback requirements.

The Brookes claim that the proposed addition would greatly impair their ability to see the ocean from their property and that if the addition to the home was added in the back, their views would not be encroached upon. However, there is no other evidence in the record as to the impact it may have on *other* neighbors or the neighborhood itself. The Mintes are not trying to expand the cottage into a multi-family affair; they only want enough sleeping space for their family.

The only evidence in the record is that the expansion is going to affect the Brookes' view of the ocean, if that was considered by the Board and weighed against the lack of impact on the rest of the neighborhood, then the Board could have found that giving the Mintes the variance was not going to create a bigger impact on the neighborhood. While the Brookes may be right, that the Mintes could add just as much space to the house by building on the back of the house, that was not the plan that the Mintes presented and that the Board approved.

7

## F. Space and Bulk Regulations

The lot at 22 Morning Street is on a nonconforming lot and therefore the cottage is also. The lot is located in the R-4 Residential zone, which means that the lot must be a minimum 10,000 square feet, with a minimum frontage of 75 feet and a maximum building coverage of 25%. However, the 22 Morning Street lot is 4,982 square feet, with 50 feet of frontage and a 28.5% building coverage.

The Zoning Ordinance, 405 Section (III)(C)(1)[7] would appear to forbid such an expansion absent specific permission from the Zoning Board of Appeals to the property owner. At the July 14 hearing, the limited reduction of setbacks pursuant to Chapter 405(V)(B)(5) was approved, but there was no approval of a reduction in lot area, street frontage, or building coverage. The Brookes allege that it was clear error for the Town to allow the Mintes to move forward with the proposed enlargement without making specific findings regarding lot area, street frontage and coverage.

This claim is the most nebulous; the proposed expansion is to the second floor, which will not affect the lot area, the street frontage, or the coverage of the lot by the building.

The Mintes point to the Town's Zoning Ordinance at Section III(C)(1) which provides that non-conforming structures may be enlarged or increased in height if granted either a variance or a setback reduction. The Mintes received a setback reduction, so there does not seem to be a need for them to receive a variance as well.

---

[7] No building or structure which is non-conforming…may be expanded, enlarged or increased in height unless …[,] the Board of Appeals grants relief from such requirement by variance under Section V, B, 3 or by limited reduction of yard size under Section V, B, 5 of this Ordinance….

## G. Laches and Estoppel

The Mintes argue both that the Zoning Board of Appeals' 2003 decision has the same effect as a vacated judgment (none) and that because the Brookes did not object to the 2003 approval, they are barred from objecting to the 2004 approval. Further, the Mintes argue that because the Brookes did not tell the Mintes that they were going to appeal the 2004 approval quickly enough (i.e. within the window for the Mintes to appeal non-renewal of the 2003 permit) the Brookes should be barred from taking this appeal.

The Brookes opposed the Mintes' application for setback reductions at the July 2004 meeting and filed this appeal within the time allotted by the rules. If the Brookes really have been fighting the Mintes "every step of the way," then there was no reason for the Mintes to assume that the Brookes were not going to appeal the July 2004 decision.

This action is not barred by laches or estoppel.

## III. DECISION

Affirm the decision of the Zoning Board of Appeals. While the Brookes argue that the facts presented to the Board could "rationally support" the conclusion that the Mines could live in the house as it is, could expand the house differently, and that the second story will affect the Brookes' view, the facts presented could also rationally support the Board's conclusion that the Mintes needed to add the addition in order to enjoy the home as a family and that though the impact may affect the Brookes' view, the addition is not going to negatively impact the neighborhood any more or any less than an addition to the back of the house.

## IV. JUDGMENT

The clerk will make the following entries as the Decision and Judgment of this court:

A. The decision of the Zoning Board of Appeals is affirmed.

B. Judgment is entered for respondents.

C. No costs are awarded.

SO ORDERED.

DATED: July 29, 2005

Thomas E. Delahanty II
Justice, Superior Court

Date Filed __August 25, 2004__ ___Cumberland___ Docket No. __AP04-44__
County

Action ___80B APPEAL___

DAVID BROOKES
LINDA BROOKES

TOWN OF SCARBOROUGH
GEOFFREY MINTE
EILEEN MINTE

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| MICHAEL VAILLANCOURT ESQ<br>PO BOX 2412   767-4824<br>SOUTH PORTLAND ME 04116 | DAVID LOURIE ESQ. (MINTES)   799-4922<br>189 SPURWINK AVENUE, CE, ME 04107-9604<br><br>CHRISTOPHER VANIOTIS ESQ. (SCARBOROUGH)<br>PO BOX 9729, PORTLAND ME 04104   774-120( |

| Date of Entry | |
|---|---|
| 2004<br>Aug. 31 | Received 8-16-04.<br>Summary Sheet filed. |
| " " | Petitioner's Complaint for Review filed. |
| " " | Received 8-23-04.<br>Appearance of David A. Lourie, Esq. on behalf of Geoffrey and Eileen Minte filed. |
| " " | Received 8-25-04.<br>Acknowledgement of Receipt of Summons and Complaint for Review filed showing service on the Mintes to David Lourie Esq. on 8-21-04. |
| " " | Received 8-26-04.<br>Entry of Appearance of Christopher L. Vaniotis, Esq. on behalf of Town of Scarborough  filed. |
| " " | On 8-31-04.<br>Briefing schedule mailed.  Plaintiff's brief and record due 9-27-04. |
| Sept. 7 | Received 9-7-04.<br>Acknowledgement of receipt of summons and petitioner's complaint for review filed showing service on Town of Scarborough to Christopher Vaniotis Esq. |
| Sep. 24 | Received 09-24-04:<br>Plaintiff's Motion for Remand and Stay filed. |
| Sept. 28 | Received 9-27-04.<br>Correspondence from Christopher Vaniotis, Esq. informing court that Defenda Town of Scarborough does not object to Plaintiffs' Motion for Remand and Stay and consents to the entry of the proposed order filed. |
| Dec. 23 | Received 12-23-04:<br>Petitioners, David and Linda Brookes' opposition to the Mintes' Motion to Resolve Disputed Record filed. |

| Date of Entry | Docket No. AP-04-44 |
|---|---|
| 2004<br>Oct. 20 | Received 10-15-04:<br>Order filed. (Delahanty, J.).<br>It is hereby ORDERED that this matter be remanded to the Scarborough Zoning Board of Appeals for the Scarborough Zoning Board of Appeals to adopt minutes relating to the July 14, 2004 Board Meeting, and further adopt findings and conclusions consistent with the requirements set forth in Title 30-A M.R.S.A.@2691. This Court shall retain jurisdiction over this matter. Furthermore, any deadlines relevant to submission of the record and briefting schedule are stayed. Petitioners shall submit a legal brief and the relevant record within twenty-one(21) days following the Petitioners' receipt of notice of the Scarborough Zoning Board of Appeals' Adoption of Minutes, findings and conclusions. Any Additional briefing shall be complete consistent with the time limits set forth within M.R.Civ.P.80B. At the direction of the Court, this Order shall be Incorporated into the docket by reference. Rule 79(a).<br>On 10-20-04 Copies mailed ot Christopher Vaniotis, David Lourie and Michael Vaillancourt, Esqs |
| Dec. 2<br><br>""<br><br>""<br>Dec. 6 | Received 12-2-04.<br>Petitioners, David and Linda Brookes, brief filed.<br>Petitioner's submission of the record of the proceedings of the Town of Scarborough Zoning Board of Appeals filed.<br>Record filed.<br>Received 12-06-04:<br>Attorney for Petitioner files letter regarding errors contained in brief filed on 12-2-04. |
| Dec. 14<br><br><br>"    " | Received 12-14-04:<br>Defendants, Geoffrey Minte and Eileen Minte Motion to Resolve Dispute Record Pursuant to Rule 80B(e) with Integrated Memorandum with attachments filed.<br>Defendants, Geoffrey Minte and Eileen Minte Request for Scheduling of Motion to Determine the Record Pursuant to Rule 80B (e) filed. |
| Dec. 29 | Received 12-29-04.<br>Defendants, Mintes', Responsive 80B brief filed. |
| Jan. 14 | Received 01-14-05:<br>Petitioners' Motion to Enlarge Time wihtin which to File a Reply Brief filed. |
| Jan. 20 | On 01-20-05: (Delahanty, J.).<br>As to Petitioners' Motion to Enlarge Time wihtin which to File a Reply Brief: It is hereby ORDERED that Petitioners' Motion to Enlarge Time is hereby granted and the Petitioners have up to and including January 28, 2005 in which to file their reply brief.<br>On 01-20-05 copies mailed to Michael Vaillancourt, David Lourie and Christopher Variotis, Esqs. |
| Jan. 20 | On 01-20-05:(Delahanty, J._).<br>As to Defendants, Geoffrey & Eileen Minte's Motion to Resolve Disputed Record Pursuant to Rule 80B(e) with Integrated Memorandum: The Court has reviewed defendant, Minte's request to Amend the record by adding Minutes of a 2BA Meeting on Sept. 10, 20-03. The Court finds that there does not appear to be sufficient reason to do so. The request is denied.<br>On 01-20-05 copies mailed to Michael Vaillancourt, David Lourie and Christop_her Vaniotis, Esqs. |

| Date of Entry | |
|---|---|
| | Docket No. __AP-04-44__ |
| 2005<br>Jan 28 | Received 1-28-05:<br>Petitioners' Reply Brief filed. |
| 2005<br>June 29 | On 06-29-05:<br>Hearing held on 80B Appeal.<br>Court takes matter Under Advisement.<br>Presiding, Justice Thomas Delahanty.<br>No Record made. |
| Aug 1 | Received 08-01-05: (Delahanty, J.).<br>The clerk will make the following entries as the Decision and Judgment of this court: A. The decision of he Zoning Board of Appeals is affirmed. B. Judgment is entered for respondents. C. No costs are awarded. SO ORDERERD.<br>On 08-01-05 Copies mailed to Michael Vaillancourt, David Lourie and Christopher Vaniotis, Esqs., Ms. Deborah Firestone, The Donald Garbrecht Law Library, Goss Mimeograph and Loislaw.com, Inc. |